**TODD et al. v. RUSSELL et al.**
**SAME v. DeCOURTNAY.**

District Court, S. D. New York.
Nov. 2, 1932.

On Reargument Nov. 18, 1932.

Mack, Taylor, Spiegelberg & McCauley, of New York City (Harry W. Mack, of New York City, of counsel), for plaintiffs.

Philip W. Lowry, of New York City, for defendant Samuel A. Pleasants.

Pleasants & Lowry, of New York City (Samuel A. Pleasants, of New York City, of counsel), for defendants other than Samuel A. Pleasants.

PATTERSON, District Judge.

Two suits have been brought by creditors of the Ohio Joint Stock Land Bank against stockholders of that corporation to hold them liable up to the amount of their stock at par value. The bills allege that the bank was organized under the Federal Farm Loan Act (12 USCA § 641 et seq.), with its principal place of business in Cincinnati; that it is now insolvent; and that, under the Federal Farm Loan Act (section 9 [12 USCA § 744]), the stockholders are liable for all debts to the extent of the amount of stock owned by them at the par value thereof, $100 a share. The relief demanded is an accounting. The bills have already been held by Judge Bondy to state a cause of action cognizable in equity. The defendants' answers raise some seven affirmative defenses.

The present motions are brought under rule 33 of the Equity Rules (28 USCA § 723), to strike out as insufficient on their face the defense of the statute of limitations, the defense that the statutory par value of

the stock is limited to $8 a share, and the defense of misjoinder of parties defendant. The plaintiffs also ask, under rule 20 (28 USCA § 723), that a further and better statement be furnished as to certain other defenses.

1. Statute of limitations. Under this defense the defendants allege that by New York law the time for the plaintiffs to commence this suit is limited to three years after accrual and discovery of cause of action; that more than three years expired between accrual and discovery on the one hand and commencement of suit on the other; and that consequently the suit is barred by the statute of limitations.

■ The conclusion does not follow from the premises. Federal courts sitting in equity are not bound by state statutes of limitations, although they generally use such statutes as a guide in determining whether the claims sought to be enforced are barred by laches. Kirby v. Lake Shore & Michigan Southern Railroad, 120 U. S. 130, 7 S. Ct. 430, 30 L. Ed. 569; Benedict v. City of New York, 250 U. S. 321, 39 S. Ct. 476, 63 L. Ed. 1005. As a defense setting up the New York statute of limitations in absolute bar of the suits, therefore, the defense is insufficient. As a defense alleging matters indicating that the claims are stale and that the plaintiffs have been guilty of laches, however, the defense is a sufficient one. Despite the label given to the defense by the defendants, I will treat it as of the latter variety, a defense of laches analogous to the state statute of limitations, and will pass on to the question whether the New York statute of limitations in a case like the present is three years or six years, that being the point that has been argued by counsel. The defendants say three years, the plaintiffs say six.

The New York Civil Practice Act, § 49, mentions, as one of a class of actions to be commenced within three years, "an action against a director or stockholder of a moneyed corporation, or banking association, to recover a penalty or forfeiture imposed, or to enforce a liability created by the common law or by statute." If this provision is not applicable, then under section 48 the statutory period is six years.

In Platt v. Wilmot, 193 U. S. 602, 24 S. Ct. 542, 48 L. Ed. 809, it was held that this section (then section 394 of the Code of Civil Procedure) controlled an action at law brought in one of the federal courts sitting in New York to enforce the statutory liability of a stockholder in the Western Farm Mortgage Trust Company, a Kansas corporation. The court said that the statute was not limited to New York corporations; further, that a foreign corporation, having the powers or some of them given to a moneyed corporation or banking association under the New York laws, came within the class of moneyed corporations or banking associations mentioned in this statute. To like effect are Hobbs v. National Bank of Commerce (C. C. A.) 101 F. 75; Seattle National Bank v. Pratt (C. C.) 103 F. 62; Hilliker v. Hale (C. C. A.) 117 F. 220; Whitman v. Atkinson (C. C. A.) 130 F. 759; Ramsden v. Gately (C. C.) 142 F. 912.

■ Joint-stock land banks organized under the Federal Farm Loan Act have certain of the powers commonly associated with banks. They may lend money on farm mortgage security; they may receive deposits of public money; they may act as financial agents of the United States; they may do several other things that banks in New York do. 12 USCA §§ 701, 781, 811, 813. It cannot be said that the word "bank" as applied to such an institution is entirely a misnomer. It is a moneyed corporation or banking association within the meaning of section 49. It follows that a suit to collect a statutory liability against stockholders of a joint-stock land bank organized under the Federal Farm Loan Act is one that must be brought within three years under the New York law.

The plaintiffs' argument is that the corporations referred to in section 49 must be only New York corporations, because the General Corporation Law (Consol. Laws, c. 23), § 3, defines a "moneyed corporation" as one "formed under or subject to the banking law or the insurance law." The argument has a certain amount of force. But this definition was in vogue when the Platt Case was decided and was noticed by the Supreme Court in that case. It was nevertheless held that the words "a moneyed corporation, or banking association" in section 49 included a foreign corporation not subject to the banking law or insurance law of New York. The point must therefore be regarded as settled against the plaintiffs' contention. The motion to strike out this defense will be denied.

2. Par value. It is pleaded that the par value of stock in joint-stock land banks is fixed by law at $5 a share, and that the defendants' liability is accordingly limited to that figure whatever the par value stated elsewhere.

■ There is nothing in the Federal Farm Loan Act (12 USCA c. 7, § 641 et seq.) or in any other statute that expressly limits the par value of joint-stock land banks to $5 a share. The defendants' contention is built upon 12 USCA § 692, to the effect that the par value of Federal Land Banks' shares shall be $5 each, and upon section 813, to the effect that joint-stock land banks "shall have the powers of, and be subject to all the restrictions and conditions imposed on, Federal land banks by this chapter, so far as such restrictions and conditions are applicable." But the latter section quite clearly refers to the general powers and restrictions on these banks and not to the internal structure of the two kinds of banks. Section 781 is entitled "Powers of Federal Land Banks Generally," and section 791 is entitled "Restrictions on Federal Land Banks." These are the sections made operative generally to joint-stock land banks, and neither of them deals with par value of stock.

There is no limitation in the law on the par value of stock in joint-stock land banks, and this defense is invalid.

■ 3. Misjoinder and multifariousness. The suits being in equity, brought by certain creditors in behalf of all creditors against certain stockholders, and the relief sought being an accounting, it is quite clear that the issues are the same. The answers of the various defendants are alike in substance. "The convenient administration of justice" will be promoted by holding the bill in its present form good against the objection of misjoinder. Equity Rule 26 (28 USCA § 723). See, also, Conway v. Owensboro Savings Bank (C. C.) 185 F. 950; Marcus Brown Holding Co. v. Feldman (D. C.) 269 F. 306. The defendants' authorities are clearly distinguishable. This defense is insufficient.

■ 4. The plaintiffs also ask that a further and better statement be made of the defenses setting up lack of capacity to sue, defect of parties plaintiff, and defect of parties defendant. In my opinion they are entitled to this relief. As the answers now stand, there is no way of knowing what the defendants have in mind by these comprehensive expres-sions. Perhaps a bill of particulars would be a more appropriate corrective than a further and better statement, but it is futile to split hairs upon such a narrow matter. The defendants should either drop these defenses or indicate in more detail the facts relied upon under these headings. This branch of the motions will be granted.

■ 5. A counter-attack has been launched by the defendants on the bills. It is said that the motions search the pleadings and that in each case the bill itself is insufficient. But in these cases Judge Bondy has already held that the bill sets forth a suit cognizable in equity, and his decision, unless and until reversed by an appellate court, is the law of the case. No consideration is therefore given to this argument.

Orders in conformity with the foregoing may be submitted.

### On Motion for Reargument.

My ruling as to the defense of the statute of limitations was merely that the three-year period rather than the six-year period is the one applicable to a suit of this character. Whether the passage of three years would bar suit against defendants who were nonresidents of New York was not and is not determined. The pleadings do not adequately present facts that involve a decision on this point. The motion will therefore be denied.