**BRUSSELBACK et al. v. ARNOVITZ et al.**
**No. 7344.**

Circuit Court of Appeals, Sixth Circuit.
Dec. 15, 1936.

Rehearing Denied March 9, 1937.

J. A. Miller, of Chicago, Ill. (Morris Townley, of Chicago, Ill., George R. Murray, of Dayton, Ohio, Townley, Campbell, Clark & Miller, of Chicago, Ill., and Legler & Murray, of Dayton, Ohio, on the brief), for appellants.

Roy G. Fitzgerald and F. D. Schnacke, both of Dayton, Ohio (W. B. Turner, of Dayton, Ohio, on the brief), for appellees.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

The bill of complaint alleged: That plaintiffs were citizens and residents of Missouri and Illinois; that plaintiff Brusselback owned bonds of the Chicago Joint Stock Land Bank (created under the Federal Farm Loan Act, 39 Stat. 360, U.S.C., tit. 12, § 641 et seq. [12 U.S.C.A. § 641 et seq.]) in the amount of $4,000, and that the remaining plaintiffs, as trustees, owned its bonds in the amount of $128,000; that certain defendants, citizens of Ohio, were stockholders of the bank; that certain others were incorporators and officers of the Western Securities Company, holding 759 shares of the stock of the bank; that the Western Securities Company was organized as a subterfuge through which the real owners of the shares of the bank, whose names were unknown, sought to escape their statutory liability; that plaintiffs as bondholders of the bank brought their suit as a class action on behalf of all other bondholders and creditors thereof; that the bank had a capital stock of the par value of $4,000,000, divided into 40,-

000 shares of the par value of $100 each; that the shares were originally sold for approximately $4,000,000 in cash, which was paid into its treasury; that it was incorporated in 1917 and continued business until October 1, 1932; that it issued and sold its own bonds, having a face value of more than $42,000,000 at par, or approximately par, and invested the proceeds principally in farm mortgages; that on October 1, 1932, it was declared insolvent by the Federal Farm Loan Board and its assets were turned over to a receiver who has since been engaged in their liquidation; that about October 1, 1932, certain bondholders of the bank filed their bill in the United States District Court for the Northern District of Illinois against its stockholders for the purpose of enforcing their individual liabilities under the statute (tit. 12, § 812, U.S.C. [12 U.S.C.A. § 812]); that service was had upon all stockholders found residing in Illinois who for the most part answered; that the cause was referred to a master, who found the bank insolvent in that its liabilities exceeded its assets by approximately $12,000,000 and that an assessment of 100 per cent. against the stockholders would be necessary; that a decree was entered confirming the master's report and making a 100 per cent. assessment against the stockholders, and that the defendants who were before the court were directed to pay such assessments to the receiver who was originally appointed by the Federal Farm Loan Board and reappointed by the court; that the decree was binding not only upon Illinois stockholders who were before the court but upon all stockholders of the bank wherever residing.

The bill prayed that it might be treated as a class suit on behalf of all creditors of the bank for the purpose of enforcing the assessment decreed by the Illinois District Court against defendants resident in Ohio, to the end that there be provided a fund to be administered by the court for the equal benefit of all creditors of the bank; that a decree be entered against defendant stockholders directing and ordering them to pay their assessments; that a receiver be appointed for the fund to be realized; and that it be administered and distributed by the court ratably and equitably among the creditors of the bank. The bill also prayed for any needed discovery. It was later amended so as to aver the death of certain defendants and to allege the existence of their personal representatives.

Various defendants moved to dismiss the bill. The court sustained the motion, hence this appeal.

The gravamen of the court's action was that the bill was not sustainable for lack (1) of jurisdiction in equity; and (2) of the requisite statutory amount involved. We think otherwise.

The suit was instituted after the decision in Wheeler v. Greene, 280 U.S. 49, 50 S.Ct. 21, 74 L.Ed. 160, and was properly brought as a class action. Brusselback v. Cago Corporation, 85 F.(2d) 20 (C.C.A.2). The alleged liability of defendants arose out of title 12, § 812, U.S.C. (12 U.S.C.A. § 812), printed in the margin.[1] It is an obligation to be borne equally and ratably by all defendants. When enforced, its proceeds go into a common fund which when made ready for distribution should be shared equally and ratably by all creditors. Alsop v. Conway, 188 F. 568, 575 (C.C.A.6). No creditor may disregard the rights of others and subject the fund or any portion of it in a suit at law to the satisfaction of his individual claim. In Terry v. Little, 101 U.S. 216, 25 L.Ed. 864, the charter of the bank provided that upon its failure the stockholders should be liable for any sum not exceeding twice the amount of the shares. At page 217 of 101 U.S., 25 L.Ed. 864, the court said: "This, as we think, means that on the failure of the bank each stockholder shall pay such sum, not exceeding twice the amount of his shares, as shall be his just proportion of any fund that may be required to discharge the outstanding obligations. The provision is, in legal effect, for a proportionate liability by all stockholders. Undoubtedly, the object was to furnish additional security to creditors, and to have the payments when made applied to the liquidation of debts. So, too, it is clear that the obligation is one that may be enforced by the creditors; but as it is to or for all creditors, it must be enforced by or for all. The form of the action, therefore, should be one adapted to the protection of all. A suit at law by one creditor to recover for himself alone is entirely inconsistent with any idea of distribution. As the liability of the stockholder is not to any individual creditor, but for contribution to a fund, out of which all creditors are to be paid alike, the appropriate remedy is by suit to enforce the contribution, and not by one creditor alone to appropriate to his own use that which belongs to others equally with himself."

"Equality is equity," or, stated in another form, "Equity delighteth in equality." An equity court is clothed with power to collect, take into custody, conserve, and distribute such fund, pro rata, among the creditors who may show themselves entitled to it. All creditors have the right in one and the same suit to have their claims adjudicated and to contest the claims of others. Each defendant has a corresponding right to interpose such individual defenses as may seem applicable. Thus the various equities among all the parties both plaintiff and defendant may be effectually and completely adjudicated in one decree. If plaintiffs should establish a right to discovery touching the affairs of the defendant Western Securities Company, equity has ample power to compel it. The machinery of a law court is wholly inadequate for such effective and complete relief.

Appellees contend that the jurisdictional amount is fixed by the separate liability of each defendant which they construe to be less than $3,000, but such is not the test by which jurisdiction is determined. The amount in controversy is the value of the fund to be collected and distributed. See Brusselback v. Cago Corporation, supra, 85 F.(2d) 20, at page 23; Brusselback v. Chicago Joint Land Bank, 85 F.(2d) 617, 619 (C.C.A.7). It is only fair to the District Judge to say that the cases just cited were undetermined when the decree below was entered.

The decree is reversed, and the cause remanded for further proceedings consistent herewith.

---

[1] "§ 812. Individual liability of shareholders

"Shareholders of every joint-stock land bank organized under this chapter shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such bank to the extent of the amount of stock owned by them at the par value thereof, in addition to the amount paid in and represented by their shares."