Clarence E. Wright, of Carbondale, Ill., and Eugene M. Guise, of St. Louis, Mo., for plaintiff.

J. H. Clayton, of Johnston City, Ill., and E. E. Denison, of Marion, Ill., for defendant.

### NORDMAN v. JOHNSON CITY, ILL.

No. 4731.

District Court, E. D. Illinois.

Jan. 11, 1939.

WHAM, District Judge.

The case comes before the court upon plaintiff's motion to strike certain portions of the defendant's answer to the amended complaint and, particularly, paragraphs 5, 7, 14, 22 and 23 of said answer and strike affirmative defenses Nos. 1, 2 and 3, as contained in said answer.

The motion to strike the answer and paragraphs 5, 7, 14, 22 and 23 thereof will be denied. In so far as the answer and the said paragraphs thereof may set forth invalid defenses, such questions may be passed upon when disposition is made of the case upon its merits. With reference to the paragraphs wherein defendant fails either to admit or deny allegations of the complaint which seemingly are within the sole knowledge of the defendant, but avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations, the fact may be that such knowledge can only be developed through an accounting and though the law may charge the defendant with knowledge, it may not be in position now explicitly to admit or deny. Rule 8(b) of the Federal Rules of Civil Procedure, 28 U. S.C.A. following section 723c, provides that such an allegation will be given the effect of a denial. In my judgment no harm can come in permitting the answer to stand as drawn in that respect.

In so far as the answer may seem to submit certain immaterial issues, they are

52

largely based on specific allegations in the complaint and only delay will come from attempting to weed them out at this time.

### Affirmative Defenses.

 The motion to strike affirmative defense No. 1 is sustained. It merely sets up in the affirmative the defendant's position that it is not chargeable with moneys that have not actually come into its hands. As I read the complaint, it does not purport to charge that the defendant is so liable nor seek to recover any such moneys. This defense is not responsive to any charge in the complaint and serves no useful purpose. Affirmative defense No. 1 is stricken.

Motion to strike affirmative defense No. 2 is denied. It sets up the affirmative defense of laches, pursuant to the provisions of Rule 8(c) of the Federal Rules of Civil Procedure. The validity of the defense can be determined upon final disposition of the case upon its merits when all the facts are before the court.

Affirmative defense No. 3 may be stricken. It appears to be ruled out by Bank of Burlington v. City of Murphysboro, 7 Cir., 96 F.2d 899; City of Quincy v. Kemper, 304 Ill. 303, 136 N.E. 763.

### Counterclaims.

The motion to strike counterclaim No. 1 will be and is hereby denied. If there be any legal insufficiency therein, in the eyes of the plaintiff, it may be set up in its reply, if it so desires, to be dealt with on the final disposition of the case. As I view the counterclaim now it would seem to be good.

The motion to make more definite and certain would seem to call for a detailed account and, if allowed, probably would extend the counterclaim to a very considerable length. I am not able to see now that the precise time of the various payments is here essential to the sufficiency of the counterclaim, though important, of course, from an evidentiary standpoint, and, possibly, necessary to enable plaintiff to set up all its defenses. If such information be necessary before plaintiff can safely reply, it can be obtained by motion for bill of particulars. The motion to make more definite and certain will be denied.

Counterclaim No. 2 has been withdrawn by defendant, and, therefore, is not before the court at this time.