**HOLMBERG et al. v. HANNAFORD et al.**

**No. 442.**

District Court, S. D. Ohio, W. D.
June 9, 1939.

Taft, Stettinius & Hollister, of Cincinnati, Ohio, and William P. Patterson, of Dayton, Ohio, for plaintiffs.

Coolidge & Becker, of Dayton, Ohio, for Lucy Carr Reed and Walter S. Carr.

H. P. Williamson and A. P. Mercer, both of Dayton, Ohio, for Third Nat. Bank & Trust Co.

H. L. Ferneding, of Dayton, Ohio, for T. A. Ferneding.

NEVIN, District Judge.

On November 12, 1937, plaintiffs filed their bill of complaint herein. On April 20, 1938, an amended bill of complaint was filed, and, on December 2, 1938, there was filed an "Amendment to Amended Bill of Complaint".

In the amendment just referred to plaintiffs recite that, in addition to the parties named in paragraph X in the amended bill of complaint, the following persons were, on the second day of May, 1932, each the owner of a certain number of shares of the capital stock of the Southern Minnesota Joint Stock Land Bank of Minneapolis, to-wit: George W. Weimer, C. J. Ferneding and Alexander G. Reed. It is further alleged that these parties are each now deceased; that the Third National Bank and Trust Company of Dayton, Ohio, is the executor of the estate of George W. Weimer; that H. L. Ferneding, T. A. Ferneding and Marie F. Keve are the executors and executrix of the estate of C. J. Ferneding, deceased, and Lucy Carr Reed and Walter S. Carr are the executor and executrix of the estate of Alexander G. Reed, deceased. In the amendment to the amended bill of complaint these parties, in their representative capacities, are respectively named as parties defendant herein and the same judgment is prayed for against them as is prayed for against the other defendants in the amended bill of complaint.

On April 18, 1939, plaintiffs filed a "Second Amended Complaint" wherein, in paragraph XVIII, et seq., the three parties defendant, just referred to, are named as defendants along with other defendants whose names and addresses are set forth in paragraph X of the said second amended complaint.

On December 22, 1938, the executor and executrix of the estate of Alexander G. Reed, deceased, by their counsel, filed a motion to dismiss the amended bill of complaint and amendment to amended bill of complaint, setting forth two grounds as the basis of their motion.

On March 24, 1939, the Third National Bank and Trust Company, as the executor of the Weimer estate, filed a motion to dismiss the amended bill and the amendment to the amended bill.

It is to be noted that both of these motions were filed prior to the filing of the second amended complaint which, as above stated, was filed on April 18, 1939.

On May 8, 1939 (subsequent to the filing of the second amended complaint), T. A. Ferneding as the executor of the estate of C. J. Ferneding, deceased, filed a motion to dismiss the amended bill and the amendment to the amended bill.

It is agreed by counsel for all of the parties that these respective motions may be considered, however, as directed not only to the amended bill of complaint and the amendment to the amended bill of complaint but also to the second amended complaint, and all counsel have so treated the motions in their respective briefs.

These motions, of course, are each separate and independent of each other—each having to do with independent parties defendant and each being presented and urged by separate counsel on behalf of the defendants respectively. However, as later pointed out, all three of the motions have certain grounds in common although some of the motions contain more grounds than the others. In view of this, and in order that counsel for all of the defendants may be fully informed as to the court's rulings, the court has concluded that it would best

serve the purpose and at the same time obviate needless repetition to discuss and decide all of the motions in this one decision. However, in order to keep the record in proper shape, separate entries should be drawn and filed based on this decision as to each motion respectively. The motions will be discussed and decided in the order of their filing.

### Motion of Executor and Executrix of the Estate of Alexander G. Reed.
#### (Filed December 22, 1938)

The motion on behalf of the Reed estate is based upon two grounds, as follows:

"1. To dismiss the action because the amended bill of complaint and amendment to amended bill of complaint fail to state a claim against defendants upon which relief can be granted.

"2. To dismiss the action on the ground that the Court lacks jurisdiction over the defendants since the amount in controversy as to them is less than three thousand dollars exclusive of interest and costs."

1. With regard to the first ground of the motion, it is urged on behalf of defendants that plaintiffs' claim is barred by the statute of limitations "since the action is brought more than six years after the accrual thereof". For this defendants rely on Section 11222, Gen.Code Ohio. In this connection defendants submit that the nature of the right which plaintiffs are attempting to enforce is legal in every respect since it is founded solely on a statute prescribing double liability for shareholders of joint stock land banks; that plaintiffs invoked the aid of this court, sitting in equity, not because their claim against defendants is equitable but because the remedies they desire to effectuate necessitate the use of equitable machinery.

Defendants further urge that if plaintiffs' action is equitable in nature and the statute of limitations, as such, does not apply, then plaintiffs have been guilty of such laches as to defeat recovery; that even if this action could properly be called equitable, this court, nevertheless, would be bound to follow the state law with regard to laches and that if the claim has been allowed to run for a period equivalent to the time limit prescribed by the statute on limitations of action, it is as effectively barred as it would be by the statute itself;

that "the six year statute of limitations is an effective bar to their (plaintiffs') action, whether they choose to denominate it legal or equitable" citing Bryant v. Swetland, 48 Ohio St. 194, 27 N.E. 100.

■ Regardless of whether or not, strictly speaking, this is an action in equity it seems now to be well settled that the suit, of necessity, is brought in equity and is to be governed by the principles of equity.

In Christopher et al. v. Brusselback et al., 302 U.S. 500, at page 502, 58 S.Ct. 350, at page 351, 82 L.Ed. 388, the Supreme Court of the United States say, "The only means of enforcing the liability left to creditors of a joint-stock land bank, as the Court pointed out in the Wheeler Case [Wheeler v. Greene, 280 U.S. 49, 50 S.Ct. 21, 74 L.Ed. 160], is an adversary suit *in equity* against the stockholders wherever they may be found." (Italics ours). See, also, Brusselback v. Arnovitz, 6 Cir., 87 F. 2d 761. These cases and others of like purport would seem to indicate that the suit is one in equity, but, as stated, it is not necessary to enter upon an academic discussion of this question because, at any event, the suit is governed by the principles of equity. In affirming the lower court (D.C., 1 F.Supp. 788) in Todd v. Russell, the Circuit Court of Appeals 2 Cir., 104 F.2d 169, 172, in a very recent decision say, inter alia:

"Ordinarily, suits in equity are not barred absolutely by any general statute of limitations but are subject only to being dismissed for laches where by reference to some analogous limitation statute they are stale and no good excuse for the delay is shown. Yet there is ample authority to the effect that one should not be permitted to avoid the effect of such a limitation statute merely by choosing to bring a suit in equity where there is concurrent jurisdiction and an action at law has become barred. Metropolitan Nat. Bank v. St. Louis Dispatch Company, 149 U.S. 436, 448, 13 S.Ct. 944, 37 L.Ed. 799; Baker v. Cummings, 169 U.S. 189, 18 S.Ct. 367, 42 L.Ed. 711; Kelly v. Dolan, 3 Cir., 233 F. 635; Hughes v. Reed, 10 Cir., 46 F.2d 435. Even where there is concurrent jurisdiction, however, and an action at law would be barred, in New York a suit in equity is not if resort to equity is necessary to obtain complete and adequate relief. Hanover Fire Insurance Co. v. Morse Dry Dock & Repair Co., 270 N.Y. 86, 200 N.E. 589; Rundle v. Allison, 34 N.Y. 180.

"Though the basis of this action is purely statutory and in that sense the relief is not strictly equitable in its nature, there is, however, no concurrent jurisdiction at law since creditors of a Joint Stock Land Bank can enforce the statutory liability of shareholders only in 'an adversary suit in equity against the stockholders wherever they may be found'. Christopher v. Brusselback, 302 U.S. 500, 502, 58 S.Ct. 350, 351, 82 L.Ed. 388; · Wheeler v. Greene, 280 U.S. 49, 50 S.Ct. 21, 74 L.Ed. 160; Brusselback v. Cago Corporation, 2 Cir., 85 F.2d 20. Since this suit of necessity was brought in equity, it is to be governed by the principles of equity rather than the inflexible rules of legal statutes of limitations. Though they do for the most part, as statutes of repose, bring about beneficial results, there are circumstances where the application of such hard and fast time limits upon the commencement of suits would not be equitable."

██ ██ It is the present view of the court that plaintiffs are not bound by the Ohio statute of limitations but that such statutes are to be considered only as a guide to decision on the equitable question of laches. But, at any event, whether the question is one of laches or statute of limitations, these questions should be raised under Rule 8 (c) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c by affirmatively setting forth the claims in these respects in an answer rather than by way of motion to dismiss.

The court finds that defendant's motion to dismiss, as based on the first ground thereof, is not well taken.

██ **2.** The second ground of defendant's motion has been heretofore determined adversely to defendant's claim by the Circuit Court of Appeals of this circuit in Brusselback v. Arnovitz, 87 F.2d 761, 763. See, also, Brusselback v. Cago Corp., 2 Cir., 85 F.2d 20, 23; Brusselback v. Chicago Joint Stock Land Bank, 7 Cir., 85 F.2d 617, 619. Under these authorities the court finds that defendant's motion, as based on the second ground thereof, is not well taken. Nor does the fact that the par value of the stock is alleged to be $100 per share instead of $5 per share present any problem, as some of counsel claim in their briefs. This claim, too, has been decided adversely to the contentions of defendants. Todd v. Russell, D.C., 1 F.Supp. 788, 789, 790.

Holmberg v. Anchell, D.C., 24 F.Supp. 594, 600.

In view of all of the foregoing, the court is of the opinion that the motion on behalf of defendants, the executor and executrix of the estate of Alexander G. Reed, deceased, is not well taken, and that it should be, and it is, overruled.

Motion of the Third National Bank and Trust Company, Executor of the Estate of George W. Weimer, Deceased.
(Filed March 24, 1939)

The motion on behalf of the executor of the Weimer Estate contains five grounds. Of these, grounds Nos. 1, 2 and 5 are to the same purport and effect and in substantially the same language as that set forth in the two grounds of the motion filed on behalf of the representatives of the Reed estate, just above discussed and disposed of. The arguments advanced by counsel and the authorities cited and relied upon are much the same. In addition, counsel call attention to the case of Holmberg v. Third National Bank & Trust Company, Executor, etc.,[1] decided by the Court of Appeals of Montgomery County, Ohio, on February 26, 1938.

For the reasons already stated with respect to the motion on behalf of the Reed estate, the court finds that the motion on behalf of the Weimer estate, as based on grounds numbered 1, 2 and 5 thereof, is not well taken.

The other two grounds set forth by the executor of the Weimer estate are as follows:

"(3) There is a misjoinder of parties complainant.

(4) There is a misjoinder of parties defendant."

██ ██ As to these grounds, it is to be noted first that under Rule 21 of the Rules of Civil Procedure a misjoinder of parties is no longer a ground for dismissal of an action. But even without the rule, the motion, on the asserted grounds, would not be well taken because, as pointed out by counsel for plaintiffs, only those stockholders who are subject to the jurisdiction of this court can effectively be made parties. Christopher v. Brusselback, 302 U.S. 500, 58 S.Ct. 350, 82 L.Ed. 388. Further, many stockholders who might be subject to the jurisdiction of the court may have already satisfied their liability in full or may have been

---

[1] Not designated for publication.

proceeded against in some other proceeding. Whether or not all stockholders have been included as parties is not a basis for a dismissal of the action. Todd v. Russell, D.C., 1 F.Supp. 788, 790.

The court is of opinion that the motion to dismiss filed on behalf of the Weimer estate is not well taken, and that it should be, and it is, overruled.

### Motion on Behalf of T. A. Ferneding, Executor of the Estate of C. J. Ferneding, Deceased.
#### (Filed May 8, 1939)

The motion on behalf of the executor of the Ferneding estate contains six grounds. The first five are worded in all respects exactly like the five grounds in the motion on behalf of the Weimer estate, just above ruled on.

For the reasons heretofore set forth with respect to the motions on behalf of the Reed estate and the Weimer estate, the court finds the motion on behalf of the Ferneding estate, as based on grounds 1, 2, 3, 4 and 5 thereof, not well taken.

The instant motion contains a sixth ground, which reads as follows: "(6) A similar action involving the same issues and between the same parties in an amended petition was stricken from the files by order of the Common Pleas Court of Montgomery County, Ohio, being Case No. 81480 on the docket of said Court, and thereafter the case was dismissed and the same is now res adjudicata."

While the case in the Common Pleas Court of Montgomery County, Ohio, mentioned in the motion on behalf of the Ferneding estate is not referred to in the motion on behalf of either the Reed estate or the Weimer estate (plaintiffs' allegations with respect thereto appear in the second amended complaint (paragraph XXII, et seq.) filed *after* the motions just referred to) it is, nevertheless, discussed in their respective reply briefs by counsel for the representatives of both of said estates respectively. It does not now appear that that case is res adjudicata here. What effect it may have, if any, on the question of laches or the statute of limitations is one to be determined if and as the question is raised at a later time, if res adjudicata is affirmatively plead. Rule 8 (c) Rules of Civil Procedure.

The court is of opinion that the motion to dismiss on behalf of the executor of the Ferneding estate is not well taken, and that it should be, and it is, overruled.

All three of the motions herein referred to are overruled. As earlier stated, separate orders with regard to each motion should be drawn and submitted.