## RAKER v. UNITED STATES.
### No. 1953–A.

District Court, W. D. New York.

Aug. 1, 1940.

For former opinion, see 23 F.Supp. 757.

Edmund Clynes, of Rochester, N. Y., for plaintiff.

George L. Grobe, U. S. Atty., of Buffalo, N. Y., and Goodman A. Sarachan, Asst. U. S. Atty., of Rochester, N. Y., for defendant.

KNIGHT, District Judge.

The petition herein was heretofore dismissed by this court upon the ground that it appeared that the claim had been filed after the final statutory date for such filing, and that the petitioner had not brought himself within the exemptions provided by Section 445, Title 38 U.S.C.A. Subsequently, by consent a re-hearing was granted. An affidavit was submitted by the petitioner purporting to show that in the opinion of a physician the petitioner was insane at the time when the limitation statute otherwise would have run. Such affidavit, in substance, states that prior to July 3, 1931, petitioner was demented; that he suffered from a dementia resulting from lethargic encephalitis, had delusions or hallucinations, lack of judgment as well as lack of muscular and mental co-ordination; that the disease and encephalitis lethargic has been classified by psychiatrists as insanity of the brain, and that petitioner was suffering from the same ailment on June 26, 1936.

The government has submitted opposing affidavits of four physicians who have either examined the veteran or examined his record and state that petitioner was not and was not shown by the records to have been insane prior to July 3, 1931.

While the affidavit aforesaid submitted by petitioner is vague in describing the effect of the alleged disease, it seems to me that, coupling it with the allegations of the complaint, there is a prima facie showing of insanity, thus bringing petitioner within the exceptions to which the limitation period applies.

The affidavits submitted on behalf of the government have not been taken into consideration, because of the effect of the presumption aforesaid.

The original motion herein was made prior to the adoption of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Under Rule 8 (c) the procedure is by way of an affirmative defense, rather than by motion as here. In the instant case the motion should be decided under the procedure prevailing prior to the adoption of the Federal Rules of Civil Procedure. Rule 86.

Defendant's motion to dismiss the petition is denied, and the order of dismissal heretofore granted directed to be vacated and set aside.