## PATSAVOURAS et al. v. GARFIELD.

### No. 785.

District Court, D. New Jersey.

Aug. 7, 1940.

William J. Baker, of Jersey City, N. J., for plaintiffs.

Budd & Larner, of Newark, N. J., for defendant.

WALKER, District Judge.

The plaintiffs filed their complaint herein on February 14, 1940, and the defendant, in her answer thereto, pleaded the Statute of Limitations as an affirmative defense (Rule 8(c)), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, and now moves for a judgment on the pleadings (Rule 12(c)), which show that on May 20, 1937, the plaintiffs were tenants in certain premises owned by the defendant and located in the City, County and State of New York, and that a portion of the ceiling in the living room of the apartment occupied by them fell and as a result thereof, certain alleged injuries and damages were sustained.

The motion is properly for judgment, that is to have the points of law determined before the trial (Wright v. Kroydon Co., 154 A. 195, 9 N.J.Misc. 287; Lehigh Valley R. R. v. United Lead Co., 102 N.J.L. 545, 133 A. 290), and not to strike out the complaint, because the bar of the Statute of Limitations is a defense available only when set up by an answer, unless the cause of action is one which did not exist at common law and has been created by statute, which fixes a time within which the action must be brought as an essential element of the right to sue. Callan v. Bodine, 81 N.J.L. 240, 79 A. 1057.

The complaint indicates the gravamen of this action is negligence with violations on the part of the defendant of Section 102 of the Tenement House Law of the State of New York, Consol.Laws, c. 61, Laws of 1909, Chapter 99, and Section 78 of the Multiple Dwelling Law, chapter 61-A, of the Consolidated Laws of New York (In Adler v. Deegan, 251 N.Y. 467, 167 N.E. 705, 711, Chief Justice Cardozo in a concurring opinion said: "The Multiple Dwelling Act is aimed at many evils, but most of all it is a measure to eradicate the slum. It seeks to bring about conditions whereby healthy children shall be born, and healthy men and women reared, in the dwellings of the great metropolis. To have such men and women is not a city concern merely. It is the concern of the whole state.") But even if this is not so and the action is one depending entirely upon the sections of the Tenement House and Multiple Dwelling Laws of the State of New York aforesaid, said laws do not fix a time within which actions must be brought thereunder, and if they do, that fact has not been established and so in the absence of a statute of New Jersey changing the rule, the Statutes of Limitations of the place where the action is brought and the remedy is sought to be enforced and not those of the place where the right in tort arose control in the event of a conflict as here. The statute in New Jersey is two years (2:24–2, R.S.N.J.1937, N.J.S.A. 2:24–2) and in New York it is three years (Section 49, Civil Practice Act).

The motion is granted.