## DIRK TER HAAR v. SEABOARD OIL CO OF DELAWARE et al.

### No. 70 Civil.

District Court, S. D. California, N. D.

Dec. 31, 1940.

Chandler & Wright and Oliver S. Northcote, all of Los Angeles, Cal., for plaintiff.

George W. Nilsson, of Los Angeles, Cal., for defendant Kettleman North Dome Ass'n.

BEAUMONT, District Judge.

Viewing the complaint as a whole, the court is of the opinion that a cause of action for injunctive relief has been pleaded. Bourdieu v. Seaboard Oil Corporation, 38 Cal.App.2d 11, 100 P.2d 528; United Railroads v. Superior Court, 172 Cal. 80, 155 P. 463; Kellogg v. King, 114 Cal. 378, 46 P. 166, 55 Am.St.Rep. 74.

The defenses of laches, stale demands and the statute of limitations may not be asserted by motion to dismiss, but should be set forth affirmatively in defendant's answer (Federal Rules of Civil Procedure 8(c), 12(b), 28 U.S.C.A. following section 723c. Patsavouras v. Garfield, D.C., 34 F.Supp. 406; Munzer v. Swedish American Line, D.C., 30 F.Supp. 789; Holmberg v. Hannaford, D.C., 28 F.Supp. 216; Raker v. United States, D.C., 1 F.R.D. 432; Baker v. Sisk, D.C., 1 F.R.D. 232; Nordman v. Johnson City, D.C., 1 F.R.D. 51), and that same rule prevails as to the defense of pendency of another action. F.R.C.P. 12

(b); Sproul v. Gambone, D.C., 34 F.Supp. 441.

The motion of defendant Kettleman North Dome Association· to dismiss is denied.