JOSÉ R. RAMOS MIMOSO, ETC., Plaintiff and Appellant, v. THE PEOPLE OF PUERTO RICO ET AL., Defendants and Appellees.

No. 9443.    Argued June 6, 1947.—Decided July 18, 1947.

*H. Ramos Mimoso* and *J. C. Santiago Matos* for appellant. *Luis Negrón Fernández, Attorney General,* and *A. Torres Braschi, Deputy Attorney General,* for appellees.

MR. JUSTICE TODD, JR. delivered the opinion of the Court.

This is an action to recover a parcel of land of .166 acres (*cuerdas*) brought on April 30, 1946, in the District Court of Bayamón, by José R. Ramos Mimoso against the People of Puerto Rico and the Department of the Interior.[1] The defendants filed a motion for dismissal, alleging that the complaint does not state facts sufficient to constitute a cause of action inasmuch as the action is barred. In support of

---

[1] This action is brought pursuant to Act No. 76 of April 13, 1916 (Laws of 1916, p. 154), as amended by Act No. 11 of April 18, 1928 (Laws of 1928, p. 130), § 9 of which provides that a suit should be brought within two years after the cause of actions arises.

this motion defendants filed a second motion which, in its pertinent part, reads thus:

"That inasmuch as the ground set up by the defendants in their motion for dismissal, to wit: prescription of the action, *does not appear from the face of the complaint in this case*, the defendants hereby move that the affidavits of Quintín Román Gerena, Secundino Vázquez, and Alcohes Guardiola, all residents of the ward Juan Domingo of Guaynabo, be included as Exhibits 1, 2, and 3 of the motion for dismissal, which affidavits show that the cause of action brought by the plaintiff in the present case arose more than sixteen years ago." (Italics ours.)

The motion closes by praying that the affidavits [2] be admitted pursuant to our ruling in *Onna* v. *The Texas Co.,* 64 P.R.R. 497.

At the hearing held on the motion for dismissal, plaintiff objected to the admission of these affidavits supporting the plea of prescription inasmuch as they could be contradicted by plaintiff at the proper time. Notwithstanding this, the court, citing Rule 12(*b*) of the Rules of Civil Procedure and the case of *Onna* v. *The Texas Co., supra,* issued an order admitting the affidavits offered by the defendants, decided that the action had prescribed, and rendered judgment dismissing the complaint.

Plaintiff moved for a reconsideration of the judgment, alleging that he could prove, as revealed by the affidavits which he attached to his motion, that, although the People of Puerto Rico occupies a part of the lot sought to be recovered, this occupancy was an act of mere tolerance of the owner, and that when the People of Puerto Rico wished to exercise an act of ownership on the other part of the property, it paid the owner the value of the land conveyed, yet it did not pay for the use, enjoyment, or ownership of the parcel of land now sought to be recovered. Plaintiff

---

[2] There are three affidavits and they tend to show that the Department of the Interior has been in possession of the parcel claimed for more than twenty years.

further alleged that the complaint as well as the affidavits revealed that plaintiff's cause of action arose when the defendant sought to change an act of mere tolerance into an act of ownership and that this occurred, according to the fifth paragraph of the complaint, about sixteen weeks prior to its filing.

After the motion for reconsideration was heard, the lower court dismissed it. Plaintiff appealed, and he urges that it erred in applying Rule 12(*b*) of the Rules of Civil Procedure to the present case and in deciding that the action was barred.

■ In *Onna* v. *The Texas Company, supra,* we said that in considering the motions for dismissal contemplated by Rule 12(*b*) "the court must take into consideration only the facts alleged in the complaint, without considering any matter which is foreign to such allegations. (Citing authorities.) Nevertheless, the Federal decisions construing the Rules of Civil Procedure have held, as an exception to the general rule above stated, that where the issue raised involves a jurisdictional question, the court in passing upon a motion to dismiss, may consider additional facts not alleged in the complaint." The question involved in the *Onna* case was precisely one of jurisdiction.

■ It has been further held that affidavits in support of a motion are admissible under any of subdivisions (1) to (5) of Rule 12(*b*), by virtue of which a dismissal may be sought, not only for lack of jurisdiction, but also for improper venue, insufficiency of the summons or its service. In 3 Fed. Rules Service 674, commenting on this question, it is said "It seems clear enough that the first five defenses may be set up by affidavit or deposition if they do not appear on the face of the pleading. Whether this is also true as to failure to state a claim has been a matter of dispute." And this is so, in fact, for the Federal courts are divided on this question. See 30 California Law Review 92; *Massaro* v. *Fisk Rubber Corporation,* 36 F. Supp. 382; *McConville* v.

*District of Columbia,* 26 F. Supp. 295; *Sherover* v. *John Wanamaker,* 29 F. Supp. 650; *Palmer* v. *Palmer et al.,* 31 F. Supp. 861; 1 Moore's Federal Practice 645.

█ Although some Federal courts maintain that the defense of prescription should be pleaded affirmatively in the answer under Rule 8(*c*), and that it should not be raised by motion under Rule 12(*b*) (6)—*Curtis* v. *Meyer Malt & Grain Corp.* (1947), 6 F. R. D. 444, 10 Fed. Rules Service 12(*b*) 325; *Baker* v. *N.S.,* 3 Fed. Rules Service 12(*b*) 325; *Patsavoures et al.,* v. *Garfield,* 34 F. Supp. 406—other courts have given a more liberal construction to the rules and have decided that if the complaint shows on its face that the action is barred the defense may be raised by motion to dismiss under Rule 12(*b*) (6). See *Leimer* v. *State Mut. Life Assur. Co.,* 108 F. (2d) 302 (C.C.A. 8, 1940); *A. G. Reeves Steel Const. Co.* v. *Weiss,* 119 F. (2d) 472 (C.C.A. 6, 1941); *Gossard* v. *Gossard,* 149 F. (2d) 111 (C.C.A. 10, 1945). The reason which leads us to accept this last construction is that if under Rule 9(*f*) "For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter," there is no reason why a party defendant should be compelled to raise the question of prescription as an affirmative defense under Rule 8(*c*).[3] Since the averment of time, in connection with prescription, is material to the cause of action, a complaint may be dismissed by motion if it fails to contain said averment.

█ As we have already said, the Federal courts are also divided as to whether affidavits should be admitted in support of a motion for dismissal under Rule 12(*b*) (6). Nevertheless, the better practice, in our opinion, is the one adopted by those courts, which, following that of Judge Char-

---

[3] In so far as pertinent, Rule 8(*c*) provides that in pleading to a preceding pleading, a party shall set forth affirmatively, among others, the defense of prescription.

les E. Clark,[4] hold that affidavits in support of, and to contradict, a motion for dismissal are admissible in the same manner and to the same extent as when they are related to a motion seeking a summary judgment under Rule 56. Judge Clark maintains that the broad language used in Rule 12(b): "Every defense, in law or *fact*," means that said defenses, in law or fact, may be raised either in the answer or in the motions enumerated in subdivisions (1) to (6) of said Rule and that when they are raised by a motion, they may be supported by affidavits, inasmuch as the new rules meant to do more than merely substitute the motion for the demurrer.[5] To the same effect, in a marginal note in *Palmer* v. *Palmer, supra,* referring to *United States Trust Co. of New York* v. *Sears, D. C. Conn.,* 29 F. Supp. 643, it was said:

"In that case I pointed out some division of opinion as to the need of distinguishing the various motions for judgment under the federal rules, particularly with reference to the use of material not contained in the pleadings in support of other than summary judgment motions. If these various motions must be kept in separate compartments, then little has been gained by the abolition of the demurrer, for a hierarchy of objecting proceedings each calling for separate procedural steps and formal hearings, will then still persist. Logically but one relief is sought; as a matter of practical convenience all appropriate reasons therefor should be advanced and considered as a single step."

Likewise Moore, commenting on this rule, says:

"The scope of Rule 12(b) is as broad as the field of defense. Unless a motion may be accompanied by affidavit or make reference depositions on file in the case its utility is seriously impaired...

"Furthermore Rule 56(b) authorizes a defending party to 'move with or without supporting affidavits for a summary judgment' at any time. It would be quibbling to hold that Rule 12(b) does not

---

[4] Judge Clark was Reporter of the Advisory Committee of the Federal Rules and now he is Circuit Judge of the United States Circuit Court for the Second Circuit.

[5] 3 Fed. Rules Service 674; Remarks of Judge Charles E. Clark on Proceedings of Washington Institute on Federal Rules (1938) 74.

authorize a motion raising defense (6) to be accompanied by an affidavit that the statute of limitations had run, or that the claim was barred by res judicata." 1 Moore's Federal Practice 647.

We believe that a liberal construction of the Rules of Civil Procedure should prevail in order that it may be considered that some progress has been made in the matter of procedure. As to Rule 12(b) (6), its scope is the same as that contemplated by Rule 56 as to a summary judgment sought by a defendant and if the latter is appropriate, with or without affidavits, there is no reason for refusing affidavits with the former. As Moore states, a party is entitled "to pierce the allegations of fact in the pleadings and to obtain relief by summary judgment where facts set forth in detail in affidavits, depositions, and admissions on file show that there are no genuine issues of fact to be tried." 3 Moore's Federal Practice 3175.

Any doubt as to the liberal construction which should be given to Rule 12(b) (6) in this matter, is dispelled if we take into account the fact that the Supreme Court of the United States has approved an amendment to said rule, which will become effective on September 1, 1947. It textually reads thus:

"If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleadings to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

According to these principles, we are of the opinion that the courts may admit supporting affidavits to a motion for dismissal pursuant to Rule 12(b) (6) and they may likewise admit counter affidavits presented by the plaintiff. The fact that we have not amended our Rule 12(b) (6) in the same sense as the Federal rule, does not preclude us from construing it in such a liberal manner as to equalize both rules.