**VAN DYKE v. BROADHURST.**

No. 132.

District Court, M. D. Pennsylvania.

Oct. 6, 1939.

See, also, 28 F.Supp. 737.

Martin J. Kushmerick, of Scranton, Pa., for plaintiff.

Walter W. Kohler, of Scranton, Pa., for defendant.

ALBERT L. WATSON, District Judge.

This case is now before the Court for determination of plaintiff's motion for a more definite statement of defendant's counterclaim.

This Court had occasion to consider the counter-claim in connection with a motion for judgment thereon filed by the plaintiff. The principal ground for the motion for judgment was the failure of the defendant to allege certain particulars which are now the subject of this motion for a more definite statement. The Court is of the opinion that certain of these particulars should be supplied by the defendant in his counter-claim because the counter-claim is so vague that a reply cannot properly be prepared in response thereto. However, the motion does not set forth the details which the plaintiff desires to have furnished.

Rule 12(e) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides, inter alia, that "The motion shall point out the defects complained of and the details desired." This counsel for plaintiff has neglected to do. It is clear, therefore, that the motion now under consideration is defective and should be dismissed, for the reason that counsel for plaintiff has failed to comply with the clear provisions of the Rules. However, this case has been delayed by a prior motion for judgment, and to further delay the final disposition of it by compelling the plaintiff to seek again to obtain the information he now desires should be avoided if at all possible. The Court will, therefore, designate the details which the defendant must furnish, but it is intended that no precedent shall be created thereby.

Now, plaintiff's motion for a more definite statement of defendant's counter-claim is granted, and defendant is ordered to file a more definite statement of his counter-

526

claim stating the date when the defendant purchased the bank stock here involved; the name of the officer or officers of the Bank who refused to deliver possession of the stock certificate; the name of the person who made the demand upon the Bank for the stock certificate and the manner in which the demand was made; the date when the defendant received the offer of purchase of the stock referred to in paragraph 12 of the counter-claim and the name of the person or persons who made said offer.