## PHILADELPHIA RETAIL JEWELERS ASS'N et al. v. L. & C. MAYERS CO., Inc.

### Civil Action No. 1287.

District Court, E. D. Pennsylvania.

Feb. 24, 1941.

A. Albert Feldman, of Philadelphia, Pa., for plaintiffs.

George B. Clothier, Leon J. Obermayer, and Edmonds, Obermayer & Rebmann, all of Philadelphia, Pa., for defendant.

BARD, District Judge.

This case comes before the court on the defendant's motion for a more definite statement. Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, authorizes such a motion and defines its form.

The action was brought by a group of retail jewelers, and their commercial association, to restrain the defendant, a New York corporation, from its alleged violations of the Act of the General Assembly of Pennsylvania of June 5, 1935, P.L. 266, § 1, 73 P.S.Pa. § 7. The original forum was the Court of Common Pleas of Philadelphia County, but the action was removed to this court on the defendant's petition, the requisite diversity of citizenship and jurisdictional amount being present.

It appears to be well settled that a motion for a more definite statement or for a bill of particulars should be granted only when and insofar as necessary to enable the moving party to prepare a responsive pleading. Brinley v. Lewis, D.C., 27 F.Supp. 313; Van Dyke v. Broadhurst, D.C., 29 F.Supp. 525; Nordman v. Johnson City, Ill., D.C., 1 F.R.D. 51; Brockway Glass Co., Inc. v. Hartford-Empire Co. et al., D.C., 1 F.R.D. 242.

The instant complaint is composed of 40 separately numbered paragraphs and numerous exhibits are appended. As noted, it is concerned with violations of an Act of the General Assembly of Pennsylvania. Under the terms of that act, whenever any contract has been entered into that the buyer will not resell any commodity within the act except at the price stipulated by the vendor, a wilful and knowing advertising, offering for sale, or selling of any commodity at less than the price stipulated in this contract is unfair competition, and is actionable at the suit of any person damaged thereby, whether the person so advertising, offering for sale, or selling is, or is not, a party to such contract. It is alleged that the defendant, knowing of contracts in which parties to this suit were interested, has on numerous occasions made sales and offers to sell at prices below those defined in such contracts to the damage of such parties.

The defendant has specified three respects in which it deems the complaint too indefinite and vague to afford a basis for preparation of an answer. I will consider them separately.

1. In paragraphs 7 to 16 inclusive, the complaint sets forth the names of certain manufacturers and wholesalers who have entered into price fixing agreements with certain retailers, whose names are given and copies of the agreements and price lists are attached as exhibits. Paragraph

17 sets forth the names of certain other wholesalers whose trademarks are registered with the United States Government. In paragraph 18 it is alleged that these companies named in paragraph 17 entered into price-defining contracts with various un-named retailers. The defendant declares that it cannot prepare a responsive pleading unless it knows: (a) The names and addresses of the retailers involved in the various contracts; (b) the dates of the various contracts; (c) the provisions of the contracts, including the products covered and the prices fixed for the same. This argument is cogent; the defendant can hardly respond with either an admission or denial of unfair competition under the Act unless it is informed as to the identity of the parties to, and provisions and dates of, the contracts, interference with the execution of which is alleged. The plaintiffs should amend the complaint, making it specific in this regard, or strike paragraphs 17 and 18 from the complaint.

2. The defendant objects further to the failure of the plaintiffs to allege the date or manner of notice to the defendant of various contracts. It is necessary for the defendant to know whether or not it had sufficient notice under the Act before it can respond to the complaint. However, once the contracts are specified or identified and the dates and provisions thereof are alleged, the defendant, by resort to its own knowledge, can ascertain whether or not it had notice of any or all of the contracts. A party is not entitled to a more definite statement where the information sought is within its own knowledge. The plaintiffs need not render their complaint more definite in this regard.

3. Finally, the defendant objects to the plaintiffs' failure, in regard to several of the alleged contracts, to specify the dates of sales by the defendant in unfair competition with the plaintiffs, the articles sold, and the prices obtained. Except in illustrative instances the sales are alleged simply as having been made subsequent to particular dates. It will lie within the knowledge of the defendant, when the complaint is amended to set forth more definitely all the contracts concerned and their dates and provisions, whether or not, and, if so, when the defendant sold or offered for sale any commodities covered by the contracts, and whether such sales or offers to sell were at a price below the minimum. If the defendant seeks to reduce the element of surprise it may resort to those rules of procedure which are designed for that purpose and which afford adequate safeguards against surprise.

The motion is granted insofar as for a more definite statement of the contracts, the parties thereto, and the provisions and dates thereof, and is denied otherwise.