**GOSHEN VENEER CO., Inc., et al. v. G. & A. AIRCRAFT, Inc.**

Civil Action No. 3500.

District Court, E. D. Pennsylvania.

Jan. 26, 1944.

Jacob Geffs (of Hubbard, Baker & Rice), of Chicago, Ill., and Wm. T. Campbell (of Swartz, Campbell & Henry), of Philadelphia, Pa., for plaintiff.

Frederic L. Clark and Everett H. Brown, Jr. (both of Shields, Clark, Brown & McCown), both of Philadelphia, Pa., for defendant.

BARD, District Judge.

This matter arises on defendant's motions to dismiss the complaint or, in the alternative, for a more definite complaint.

The complaint sets forth the following allegations interspersed amid irrelevant and extraneous matters:

Defendant requested plaintiff Goshen Veneer Company, Inc. (hereinafter referred to as "plaintiff"), to undertake experimental work in the manufacture of plywood products for defendant's use and thereafter placed with plaintiff from time to time thirty-four purchase orders for such products. Because of the highly experimental nature of the work, defendant agreed to pay plaintiff its costs plus a reasonable profit for the work done. Thereafter, and while the work was still in progress, it was agreed "between the officials" of plaintiff and defendant that plaintiff was to be paid $90 per pound for all experimental structural work, plus tooling charges. Pursuant to the purchase orders, plaintiff manufactured and delivered to defendant 9,822 pounds of experimental structural work and, in addition, other ply-

wood of a value of $28,773.51. Plaintiff then submitted invoices to defendant in the amount of $241,161.67 for the work done, following which defendant repeated previous assurances that plaintiff would be paid. Finally, it is averred that since the amount which was due plaintiff at the agreed price of $90 per pound for experimental structural work would be more than $800,000 would result in an excess profit to plaintiff, and would be inequitable, plaintiff voluntarily reduced the amount which it claimed of defendant to $241,161.-67, of which defendant has paid $10,000. Damages are claimed in the amount of $231,161.67.

The invoices which are attached to the complaint as exhibits show a breakdown of plaintiff's costs, plus a figure for profit which in some instances was computed at 10% of the costs and in other instances at 6% thereof.

■ The sufficiency of the complaint is attacked by defendant on the ground that it is unintelligible and fails to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief", as required by Rule 8(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. There is merit to the defendant's contention. Even apart from the large volume of wholly extraneous allegations contained in the complaint, it is impossible to ascertain whether plaintiff is seeking to recover on the original agreement pleaded, under which defendant was to pay plaintiff's costs plus a reasonable profit; under the subsequent agreement alleged, namely, to pay $90 per pound for experimental structural work; upon defendant's alleged agreement to pay the amount of the invoices after it had received them, or upon all three grounds alternatively. It is true, as plaintiff argues, that under Rule 8(e) (2) a party may set forth two or more statements of his claim either in one count or in separate counts, and that such claims need not necessarily be consistent. But this does not relieve the pleader of the obligation to set forth a short and plain statement of each claim for relief. The complaint must, therefore, be amended to comply with this mandate.

In its motion for a more definite complaint defendant seeks to require plaintiff to plead which officers of its company and of defendant are alleged to have made the various agreements referred to in the complaint; to state whether such agreements were oral or written and, if written, to attach a copy thereof; and to state the method by which plaintiff computed the damages which it claims.

■ Defendant is entitled to know from plaintiff's complaint which of defendant's officers are alleged to have acted on its behalf. If this information is furnished, it appears unnecessary, however, for defendant to have such information with respect to the officers who acted for plaintiff, in order to file a responsive pleading.

■ Defendant is likewise entitled to know whether the agreements alleged were oral or written, but if they were written, plaintiff has the option of quoting them verbatim, attaching them as exhibits or pleading them according to their legal effect. Maryland Casualty Co. v. Kelly, D. C., 3 F.R.D. 28.

■ With respect to plaintiff's computation of damages, the difficulty appears to be in the confusion as to the nature of plaintiff's claims and will be eliminated when they are properly redrafted. If plaintiff is relying on the alleged agreement to pay its costs plus a reasonable profit, sets forth such costs and profit, and alleges that such profit was reasonable, defendant cannot compel further disclosure in the complaint. If plaintiff is relying on a contract to pay $90 a pound for experimental structural work and alleges damages thereunder in excess of the sum claimed, but pleads that it voluntarily reduced the amount it seeks to recover of that sum, I do not see that defendant can complain of such generosity or require plaintiff to plead how it arrived at the reduced amount. At trial plaintiff would apparently have to establish defendant's liability for the larger amount and then waive the balance in excess of the amount claimed, but I am not at this time considering or passing on the propriety of such procedure.

The defendant's motion for a more definite statement of the plaintiff's claim is granted. The plaintiff is given leave to file an amended complaint in conformity with this opinion within twenty days after notice hereof.

The defendant's motion to dismiss the complaint is denied, provided the plaintiff files an amended complaint in conformity with this opinion; otherwise the motion to dismiss will be granted.