### BLANTON v. PACIFIC MUT. LIFE INS. CO.
#### Civil No. 281.

District Court, W. D. North Carolina, at Charlotte.
April 18, 1944.

T. L. Kirkpatrick, of Charlotte, N. C., and Louis S. Herrink, of Richmond, Va., for plaintiff.

C. W. Tillett, of Charlotte, N. C., for defendant.

PAUL, District Judge.

The writer of this opinion is sitting by special designation in this case and finds that the matters immediately pending are certain motions submitted by the plaintiff. The case has been pending for several years, in the course of which two other judges have at different times heard various phases of the proceedings until the recent designation of the writer to preside further in the case.

Before taking up for discussion the motions pending, it seems well to outline substantially the history of this case and the various steps which have been taken in it.

The complaint was filed on March 27, 1942, and process was served April 3, 1942, on the defendant. The complaint was voluminous in its allegations and was in the nature of an action in tort, charging the defendant with various acts of wrongdoing to the damage of the plaintiff, for which damages in a large amount were sought.

On April 13, 1942, an order was entered by Judge Webb, who was then presiding, in which it is provided that the defendant "shall have to and including the 31st day of May, 1942, to file such pleading to the complaint as it may be advised."

On May 23, 1942, the defendant filed a motion to strike certain portions of the complaint or for a bill of particulars and made this motion returnable June 2, 1942.

On May 26, 1942, Judge Webb entered an order in the following words:

"A motion to strike certain allegations from the complaint or for a bill of particulars having been filed by the defendant and, by order of court, made returnable on June 2nd, 1942, it is now ordered that the defendant shall not be required to answer until after the court has ruled on the said motion and in the ruling fixed a time for the filing of the answer."

On June 2, 1942, the date previously fixed for the hearing of the motion for a bill of particulars, etc., the plaintiff filed a motion for judgment by default on the ground that no answer had been filed within the time limited by the order of April 13th. Apparently no hearing was had or action taken on the respective motions of the parties on June 2nd for the motions were further continued for hearing.

On July 3, 1942, the record shows an order entered by Judge Webb reciting that the plaintiff's motion for judgment by de-

fault and the defendant's motion to strike or for a bill of particulars had both come on for hearing on June 25th, with both parties represented by counsel, and that the court having considered these motions, it was ordered that the plaintiff's motion for default judgment be denied. That as to defendant's motion the motion to strike was denied, but the motion for a bill of particulars was granted as to certain matters which are set forth in the order. It was further ordered that the bill of particulars be filed on or before August 1, 1942, and that the defendant should have thirty days thereafter in which to plead. The order notes an exception on behalf of the plaintiff to the refusal of the court to enter default judgment.

On July 11, 1942, the plaintiff, in response to the requirements of the order of July 3rd, filed his "amended complaint and bill of particulars."

On August 7, 1942, the defendant filed its answer, in which it (1) denied generally the allegations of the complaint and set up the specific defenses of, (2) privilege as to the alleged defamation of character, (3) adjudication in a previous proceeding of certain matters in controversy, (4) release and (5) the statute of limitations.

Thereafter, over a period of some five or six months, various documents, records, exhibits and affidavits were procured and filed. The purpose of these apparently was for their bearing upon the defenses set up in the answer. In December, 1942, the plaintiff submitted various interrogatories to the defendant, which the latter answered.

On February 8, 1943, the defendant moved for summary judgment dismissing the action on the ground that there was no genuine issue as to any material fact and that none of the causes of action attempted to be set forth in the complaint was sufficient in law. This motion for summary judgment was made returnable for February 20, 1943, but the record does not show that it was heard or any disposition of it made at that time.

Thereafter Judge Hayes, of the Middle District of North Carolina, was designated to hold the May, 1943, term of court at Charlotte and on April 5, 1943, he sat in Charlotte to arrange the calendar for the May term and for pre-trial conferences on pending cases. Apparently the motion for summary judgment was considered by Judge Hayes at this time, as shown by a memorandum made by Judge Hayes and filed in the Clerk's Office on April 5th. This is further evidenced by an order which was later entered by Judge Hayes under date of June 7, 1943. The memorandum filed by Judge Hayes on April 5th shows that as a result of the hearing before him he held that all the acts set out in the complaint were barred by the statute of limitations except (1) a charge of false imprisonment alleged to have occurred in April, 1941, and (2) a charge of libel alleged to have occurred in the fall of 1941. Judge Hayes also held that the complaint should be amended within ten days to show the exact date and nature of the alleged libelous document. This action is confirmed by the recitations in the order which Judge Hayes entered under date of June 7, 1943, in which he further recites that at the hearing on April 5th he had given the plaintiff leave to file a brief as to whether an action for conspiracy would lie. It also appears that at the conference of April 5th counsel for both sides agreed to setting the case for trial on May 13, 1943, it evidently being expected that the questions remaining open as to the sufficiency of the pleadings would be resolved during the intervening period.

On May 5, 1943, counsel for both parties entered into and filed a stipulation agreeing that the case should not be tried at the May term.

On May 20, 1943, the plaintiff filed an affidavit of prejudice against Judge Hayes.

On June 7, 1943, Judge Hayes entered an order reciting his connection with the case, the results of the pre-trial conference on April 5th and continuing the case generally.

On June 28, 1943, the plaintiff filed a motion to vacate and declare void the order entered by Judge Webb on May 26, 1942, this being the order in which Judge Webb had further extended the time for answering until after he would have heard and acted upon the defendant's motion to strike and for a bill of particulars. This motion to vacate the order of May 26, 1942, has never been acted on. No steps seem to have been taken by any judge in the case since the order of Judge Hayes of June 7, 1943, and now that the writer has been designated to hear further proceedings in the case he finds that the matter immediately pending is this motion to va-

cate the order of May 26, 1942, with which is joined another motion by the plaintiff, filed within the last two weeks and which will be referred to hereafter.

While I have set out at some length the chronological history of this case up to the present time, determination of the pending motions needs to consider only such part of the proceeding as took place up until the time when Judge Webb acted on defendant's motion to strike and for a bill of particulars and on plaintiff's motion for judgment by default; for it is upon the alleged invalidity of the steps taken prior to this action that the pending motions rest.

### The Motion to Vacate the Order of May 26, 1942

The contentions of the plaintiff are in substance:

(1) That defendant's motion made on April 11, 1942, was for the sole purpose of securing an extension of time until May 31, 1942, in which to *answer;* and that the order entered April 13, 1942, had the effect only of extending until May 31, 1942, the time within which an answer might be filed. That being for this purpose only it did not extend the time for submitting motions preliminary to answering, such as to strike or for a bill of particulars.

(2) That under the provisions of Rule 12(e) and (f) of the Rules of Civil Procedure a motion to strike or for a bill of particulars must be filed within twenty days after service of the complaint.

(3) That when a motion is submitted under Rule 12, there must be included all objections and defenses available to the moving party and that if he omits to include them in his motion he cannot thereafter avail himself of them.

The plaintiff further contends:

(4) That the order of May 26, 1942 (by which the court deferred the time for the filing of defendant's answer until action had been taken on the motion to strike and for a bill of particulars) was without authority and void, for the reasons (a) that the record does not show that any notice, motion or written application was made by defendant for such an order; (b) that the plaintiff had no notice of such an order or of application therefor prior to its entry; (c) that the order (to use the plaintiff's language) "does not speak the truth", in that it recites in effect that an order had been entered prior to May 26th making the

motion for a bill of particulars returnable on June 2, 1942, whereas the record does not show any such prior order fixing the return date of such motion.

The argument is that the Rules of Civil Procedure, Rule 12, 28 U.S.C.A. following section 723c, require a pleading responsive to the complaint to be filed within twenty days after service of the complaint, whether the response be in the form of an answer or in a motion to strike or for a bill of particulars or other permissible motion. That while the court may, under the provisions of Rule 6 (b) and in the circumstances there set out, grant certain extensions of time, that in the instant case the extension of time made by the order of April 13, 1942, was solely for the purpose of answering and could not extend the time for filing of motions directed at the sufficiency of the complaint. And that the motions to strike and for a bill of particulars which were filed May 23, 1942, were more than twenty days after the complaint had been filed and were, therefore, too late.

It is further argued, as I understand it, that motions to strike and for a bill of particulars, being preliminary to an answer, must in any event be filed *within* twenty days after the complaint is served and that the rules do not provide for or contemplate any extension of time for filing such preliminary motions.

A still further argument is that under Rule 12 (g) the defendant, when it moved for an extension of time within which to answer, was required to submit at the same time any other motions available to it and which it desired to make. That having moved for an extension of time to answer, it could not at a later date move for a bill of particulars.

### Discussion

The questions raised involve construction of several provisions of the Rules of Civil Procedure. The contentions of defendant will be considered in the order in which they have heretofore been enumerated.

1. The order entered by Judge Webb on April 13, 1942, within twenty days after service of the complaint, recites that: "Upon motion of counsel for the defendant * * * it is ordered that said defendant shall have to and including the 31st day of May, 1942, to file such pleading to the complaint as it may be advised." It will be

noted that the extension of time is for the filing of any "pleading." I do not find in the papers any written motion on which this order is based (which, however, was not required under Rule 6(b) and I am therefore unable to say whether the language of the order recites the language of any motion made. Nor do I know whether the term "pleading" is intended to be synonymous with "answer." In usual legal parlance the former term would not ordinarily carry the restricted meaning of the latter. Under Rule 7, however, the word "pleading" in our present procedure would seem to define only those papers which set up matter going to the merits of the controversy, as distinguished from motions made preliminary to arriving at issue. It is apparent that the judge who entered the order did not consider that the word "pleading" limited the defendant to filing an answer as shown by the fact that he permitted and considered the subsequent motion for a bill of particulars. Whether the use of the word "pleading" was deliberate or inadvertent it is clear that Judge Webb did not intend it to have the technical and restricted meaning now urged and it is equally clear that there would be no justification for invoking a technical meaning contrary to that intended when the term was used.

But even if we ascribe to the term "pleading" the restricted meaning insisted on, and which may be implied from the language of Rule 7, it was still open to defendant to move for a bill of particulars at the time it did so. Rule 12(a) fixes the time in which an answer shall be filed; this being subject to any extension of time that may be granted under Rule 6(b). Motions for a bill of particulars and to strike are provided for in Rule 12, paragraphs (e) and (f). The language of these paragraphs is substantially the same in so far as it relates to the time of filing such motions. Rule 12(e) provides that: "Before responding to a pleading or, if no responsive pleading is permitted by these rules, within 20 days after the service of the pleading upon him, a party may move for a * * * bill of particulars" in order to enable him to prepare his responsive pleading or to prepare for trial. I understand the effect of the rule to be that where a party is required or permitted to file a response (such as an answer) to a pleading previously filed and desires a bill of particulars as to the allegations of the previous pleading, the motion for the bill of particulars must be made before he files his response. And that there is no prescription as to the time for the motion for particulars except that it must be made before filing the responsive pleading. The reference in the rule 12(e) to a limit of twenty days is to the situation where no responsive pleading is permitted and it is then required that the motion for particulars must come within twenty days after the pleading to which it is directed is filed.

The rule deals with two situations: (1) Where the party desiring the bill of particulars intends to and is permitted to file a responsive pleading; in which case the only requirement is that he ask for the bill of particulars before he pleads. (2) Where the situation is such that the party desiring the bill of particulars is not permitted to file a responsive pleading; in which case he must move for the particulars within twenty days after being served with his opponent's pleading.

The reason for the difference is obvious. In the first case the responsive pleading must itself be filed within twenty days (unless the time be extended) and the requirement is that the motion for a bill of particulars be filed before that. In the second case there is no responsive pleading to be filed by which to measure the time for moving for the bill of particulars and it was necessary to fix a named limit for the motion.

In the instant case we are dealing with the first situation and so far as is pertinent here the rule may be said to read: "Before responding to a pleading * * * a party may move for a * * * bill of particulars * * *," etc.

It will be seen, therefore, that in such situation as exists here there is no definite time fixed within which a defendant may move for a bill of particulars except that the right shall be exercised before answering. The time within which a party is required to answer determines the time within which he may move for a bill of particulars. Acting under the authority of Rule 6(b) the court in the instant case extended until May 31, 1942, the time within which the defendant might answer (plead). This also had the effect, I take it, of extending the time within which defendant might submit a motion for a bill of particulars or to strike; for the

only condition restricting such motions is that they be made previous to answering. In other words, if the defendant had the right to answer at any time up until May 31st, it had the right to doing anything else which the rules permit to be done previous to answering.

It is not meant to imply that there are no circumstances under which a court could extend the time for filing an answer without thereby extending for the same length of time the right to file a preliminary motion. I have little doubt that the court could condition the extension on such reasonable terms as it saw fit or could extend the time for answering with the specific requirement that any preliminary motion be filed within a shorter time. The occasion for this latter course would be rare because the filing of the preliminary motion would in itself defer the filing of the answer until the motion has been acted on. Rule 12 (a). However, we are not dealing with such a situation here. The order extending the time to plead (answer) was unconditional and all that is now decided is that the effect of such an order was likewise to extend the time for taking any action which by the rules is permitted to be taken prior to answering.

■ 2. The contention that Rule 12(e) and (f) require that a preliminary motion, such as for a bill of particulars, be made within twenty days after service of the complaint is sufficiently answered in the foregoing discussion. Undoubtedly this is true where no motion is made under Rule 6 (b) for an enlargement of time. But where, as here, an enlargement of time was granted for answering it carried with it an enlargement of time for filing any preliminary motion. The cases cited by the plaintiff indicating that there is an absolute limit of twenty days on a motion for a bill of particulars are cases in which no enlargement of time had been granted or where the defendant failed to move for the bill of particulars until *after* it had answered, and was, therefore, too late.

3. This contention of plaintiff relates to the provisions of Rule 12(g), which is in substance that if a party, before answering, desires to avail himself of any of the defenses or objections which he is permitted by Rule 12 to raise by motion, he must include in one motion all the defenses or objections which he desires to advance. The pertinent language, Rule 12 (g), is:

"If a party makes a motion under *this rule* and does not include therein all defenses and objections then available to him which *this rule* permits to be raised by motion, he shall not thereafter make a motion based on any of the defenses or objections so omitted * * *," subject to certain exceptions not applicable here. (Emphasis in above is supplied.)

■ It appears to be argued by the plaintiff that when the defendant made its motion for an extension of time within which to answer it was required to include therein any motion for a bill of particulars or to strike, or forfeit the right to do so. That having omitted to do so, the latter motions were no longer available. This interpretation fails to consider the nature of the motions provided for in Rule 12. The motions permitted under Rule 12 are motions made by way of defense or objection to the complaint. And the requirement relates to the including in one motion of all defenses or objections permitted under *"this rule"* (i. e., Rule 12). A motion for enlargement of time is in no way a defense or objection to the complaint. Neither is it permitted, or even referred to, in *this rule* (Rule 12). On the contrary, motions for enlargement of time are provided for by Rule 6(b) and have no relation or connection with motions by way of defense or objection which are regulated by Rule 12. It is only the latter which must be embraced in one inclusive motion. When the defendant came to offer motions under Rule 12, it complied with the rule by including in one motion both of the objections which it desired to offer; namely to strike and for a bill of particulars.

■ It is clear that the court had the power to enter the order of April 13, 1942, extending the time for the filing of answers until May 31st. Within this extended period, on May 23rd, the defendant filed its motion, under Rule 12, to strike and for a bill of particulars. As I have stated, I am of opinion that these motions were properly entertainable. This brings us to that contention of the plaintiff hereinbefore referred to as (4), in which it is argued that the court was without authority to enter the order of May 26, 1942, further deferring the time for filing answer until the court should have acted on the motion to strike and for a bill of particulars. The reasons urged against the validity of the order are that the record does not show any motion or written application therefor

by the defendant, that plaintiff had no notice of any motion or application for such an order, and that it erroneously recites that an order had been entered prior to May 26th making the motion to strike and for a bill of particulars returnable on June 2nd, 1942.

■ None of these contentions are meritorious. The court had enlarged the time for answering until May 31st. Prior to the latter date, the defendant, on May 23rd, gave notice to counsel for plaintiff that the defendant would on June 2nd move to strike certain allegations of the complaint or for a bill of particulars. On the same day, May 23rd, the defendant filed its motion—or the notice that it would be made—in court. When, therefore, it came to the attention of the judge that the defendant was moving for a bill of particulars and desired to be heard on its motion on June 2nd, a date later than that already fixed for answering, it was clearly the right of the court to extend further the time for answering, in order that he might have opportunity to hear argument on and consider the motion for the bill of particulars. It is true that defendant had made its motion returnable on a date later than that already fixed for an answer to be filed. And it is also true that the court might have refused to extend the time for answering and have insisted that a hearing on defendant's motion be had prior to May 31st. But it must be remembered that the date to which a litigant makes notice of a motion returnable is not absolute. It is necessarily tentative or conditioned upon the ability of the judge to hear it consistent with his engagements in court or in the hearing of other matters having priority or previously set. In this case it would appear that the judge considered June 2nd as a date suitable to him to hear the motion and, because the time for answering had been fixed for May 31st, he decided to further extend the time for answering until he could consider the motion. As stated, the complaint was lengthy and involved a number of causes of action and no doubt the court considered that defendant's motion would present many matters requiring consideration and not to be hastily acted on.

As a matter of fact it appears (though not from the file) that counsel for defendant, prior to entering the motion for a bill of particulars and to strike, had written to Judge Webb indicating his desire to submit such motions and requesting the judge to indicate a time convenient to him when the motions might be made returnable. Judge Webb himself suggested that the motions be made returnable June 2nd at Charlotte and the defendant gave notice accordingly. Communication between counsel and the court as to a convenient time for hearing a motion, prior to submitting it, is so usual as to amount to a custom. But whether making the return day of the motions at a date later than May 31st was at the direction of the judge himself or was the action of counsel is immaterial. The judge had the right at any time to name a date when it suited him to hear the motions whether that date was after May 31st or not. And having fixed a date later than May 31st, it was clearly proper to further defer the time for answering until the motions had been heard and acted on. The rule (Rule 6(b) seems plain:

*"Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (1) with or *without motion or notice,* order the period enlarged if application therefor is made before the expiration of the period originally prescribed *or as extended by a previous order * * *."* (Emphasis supplied.)

The order of May 26, 1942, further enlarging the time for answering was entered within the time as extended by the previous order of April 13th and, under the terms of the rule it was not necessary that any written motion for the further extension be submitted by defendant or that plaintiff have any notice thereof.

■ The recitation in the order of May 26, 1942, that the motion to strike and for a bill of particulars had "by order of court" been made returnable on June 2nd is immaterial, even if no such previous order had in fact been entered and the recital was erroneous. At most it was an inadvertent recital as to an entirely immaterial fact. When notice is given by a litigant of a motion returnable on some named date, it is neither necessary nor customary for the judge to enter a formal order setting it for hearing on the date named. If the date named is suitable for the judge he merely holds himself in readiness to hear it on the return day. If not he ordinarily arranges with counsel for another convenient date; or he may himself fix a day for hearing and notify counsel. In the latter event he may occasionally and in order to

avoid any misunderstanding enter a formal order fixing the date. But whatever may be the course pursued the validity of a hearing on a motion does not require that the date of the hearing should have been fixed by a formal order.

█ In connection with the attack upon the order of May 26, 1942, this further fact may be pointed out. If it was permissible for the defendant to submit the motion for a bill of particulars on May 23rd, as the then presiding judge so held and with which holding I agree, then this motion in itself deferred the filing of an answer until at least ten days after the motion was acted on. Rule 12(a). The order of May 26th merely directed what the rules required and the previous requirement to answer by May 31st would have been postponed even if the order of May 26th had not been entered. The plaintiff was in no way prejudiced by the order. No answer could have been required and no motion for judgment by default was in order until the court had heard and disposed of the motion for a bill of particulars.

The plaintiff also urges that the order of May 26, 1942, is invalid in the face of the provisions of Rule 7 (b) (1) and Rule 5 (a). The alleged pertinent provision of Rule 7(b) (1) is that which requires that "An application to the court for an order shall be by motion which * * * shall be made in writing * * *"; while Rule 5 (a) provides that "* * * every written motion other than one which may be heard ex parte, and every written notice * * * shall be served upon each of the parties affected thereby * * *."

It is argued that no motion was made by defendant for the entry of the order of May 26, 1942, and that no notice was given to plaintiff of defendant's intention to apply for such order; and further argued that Rule 6 (b) is in conflict with Rule 7 (b) (1) and that the questions here involved are governed by the latter. There is no need to discuss and explain at length the functions and purposes of the several rules mentioned. The argument of defendant overlooks the situation which existed here. What the defendant did was to make a motion (for a bill of particulars) returnable June 2nd. It gave notice of this motion to plaintiff as set out by Rule 5(a); so it is not seen where this rule is in any way violated.

█ When this motion was made the effect of it was automatically to extend the time for answering for at least ten days after the motion was acted on. It was not necessary for defendant to accompany his motion for a bill of particulars with a motion for further extension of time to answer and, so far as appears, it did not do so. The date for hearing defendant's motion having been set it appears that Judge Webb, upon his own action and to avoid any confusion, entered an order extending the time for answering until such time as he should later fix after passing on the motion for a bill of particulars. Rule 6 (b), heretofore quoted, gave the court the right to do this for cause shown, with or without motion or notice. True the rule uses the language "if application therefor is made * * *," but this does not mean that in no event can a court enter such an order except upon formal application by a party. The construction that plaintiff seeks to put upon Rule 7(b) (1) would forbid a judge from entering any order of any sort at any stage of any case unless a litigant had made formal application for its entry. Certainly judges are not so restricted. It is immaterial whether the entry of the order of May 26, 1942, was based on a request of defendant or was the spontaneous action of the judge. If the first, no notice to plaintiff was required. If the last, it was plainly the right of the judge to enter an order granting a right which the defendant would have had even without the order. And there was abundant "cause shown" to justify the order; namely, that a preliminary motion had been filed which the court had fixed for hearing at a later date and desired to consider and the filing of which automatically extended the time for answering beyond that already fixed.

In the foregoing I have discussed at what is probably unnecessary length the propriety of the order of May 26, 1942, as related to the provisions of the Rules of Civil Procedure. The defendant, in its brief, has interposed additional objections to the pending motion from the standpoint that this matter has already been adjudicated; that the pending motion to vacate was not filed until more than a year after entry of the order, and that the plaintiff by acquiescing in all proceedings which followed its entry and taking various steps to bring the case to issue during that period, has recognized the validity of the order, and is estopped to question it. There is also suggested that it is not the function of the judge now sitting to act as a

208

court of appeal to review the propriety of an order entered by another judge before whom the case was previously pending. I have little doubt that these objections are meritorious but there seems no need to discuss them. The plaintiff has rested his contentions on an extended discussion of the Rules of Procedure. His contentions are without merit and it has seemed best to point out their error and to base denial of the motion to vacate the order of May 26, 1942, on the grounds hereinbefore stated.

### Motion for Judgment Non Obstante Veredicto.

While the motion to vacate the order of May 26, 1942, has been pending before the writer and after the time for submitting briefs had been fixed, the plaintiff has filed, on April 3, 1944, what he terms a motion for judgment non obstante veredicto, together with a brief in support thereof. There having been no trial of any issues of fact in this case and no verdict rendered no situation exists appropriate for a motion non obstante veredicto. However, the name attached to a motion need not be determinative of its purpose or the disposition to be made of it. Examination of the brief accompanying the motion discloses that it is an argument against the validity of the order of May 26, 1942, largely on the same grounds heretofore discussed, and a further argument that, assuming this order to be invalid, the plaintiff is entitled to judgment by default for failure of defendant to answer by May 31, 1942. Treating this motion as one for judgment by default, in which case it is merely a renewal of a similar motion made June 2, 1942, and denied by Judge Webb, it is plain that no ground for it lies in view of what has heretofore been said. It is clear that the underlying basis of this motion is the alleged invalidity of the order of May 26, 1942. If the action embodied in that order was proper and effective, then obviously the plaintiff was not in position to ask a default judgment on June 2, 1942. Nor has anything happened since to give him any better right at any time. On the contrary, the case has proceeded through various steps, including the filing of an amended complaint, the filing of an answer, the submission and answer of interrogatories and other steps designed to bring the case to trial. The motion, treated either as one for judgment by default or by the name given it, must be denied.