**FASKE et al. v. RADBILL et al.**
**Civ. A. No. 5723.**

District Court, E. D. Pennsylvania.
Sept. 11, 1946.

Harold B. Lipsius (of Lipsius & Lipsius), of Philadelphia, Pa., for plaintiffs.

David Shapiro, of Philadelphia, Pa., for defendants.

BARD, District Judge.

This case arises on three motions: '(1) defendants' motion for a more definite statement and for a bill of particulars; (2) plaintiffs' motion to strike defendants' motion for a more definite statement and for a bill of particulars, and (3) defendants' motion for an order extending the time for filing an answer to the complaint.

The complaint alleges that plaintiffs entered into an oral contract with defendants whereby defendants designated plaintiffs as sole and exclusive distributors for defendants' products for the State of Michigan, in consideration of plaintiff Faske relinquishing his distributorship for defendants' product known as "Renuzit" in "South Jersey", in the State of New Jersey, and other good and valuable consideration. The complaint further alleges performance of the contract by plaintiffs, and nonperformance by defendants in certain specified respects.

I will consider first defendants' motion for a more definite statement and for a bill of particulars, which is directed toward paragraphs 6, 7, 8 and 17 of the complaint. The pertinent portions of these paragraphs are, in substance, as follows:

Paragraph 6 alleges that prior to January 20, 1945, defendants, by their duly authorized agents, requested plaintiff Faske to exchange his then existing "South Jersey" distributorship for the Michigan distributorship.

Paragraph 7 alleges that on or about November 15, 1944, while negotiations between plaintiffs and defendants were pending, Faske, at the request of defendants "acting through their duly authorized servants, agent or employees," assigned his "South Jersey" distributorship for "Renuzit" to one Kahn.

Paragraph 8 alleges that on or about January 20, 1945, plaintiffs and defendants, acting through their duly authorized servants, agents or employees, entered into an oral contract whereby plaintiffs were assigned the Michigan distributorship in consideration of Faske surrendering the "South Jersey" distributorship, and other good and valuable consideration. Paragraph 8 further sets out in detail the provisions of this alleged oral contract.

Paragraph 17 alleges that the person or persons who acted with plaintiffs during their negotiations prior to the formation of the agreement, were the duly authorized servants, agents, or employees of defendants acting within the scope of their authority and engaged in the furtherance of defendants' business.

■ It is well settled that a motion for a more definite statement and for a bill of particulars will be granted only when and in so far as necessary to enable the moving party to prepare a responsive pleading. Philadelphia Retail Jewelers Ass'n et al. v. L. & C. Mayers Co., D.C., 1 F.R.D. 606; Brinley v. Lewis, D.C., 27 F.Supp. 313; Van Dyke v. Broadhurst, D.C., 29 F.Supp. 525; Nordman v. Johnson City, Ill., D.C., 1 F.R.D. 51; Brockway Glass Co., Inc. v. Hartford-Empire Co. et al., D.C., 1 F.R.D. 242. Defendants contend that they are unable to prepare their answer properly unless they are furnished with the following additional information:

■ With respect to paragraphs 6, 7, and 8, the names of defendants' duly authorized agents, servants or employees, and the place where the alleged acts were performed;

With respect to paragraph 6, the date upon which the alleged acts were performed;

With respect to paragraph 17, the names of defendants' duly authorized servants, agents or employees, and what acts were performed on defendants' behalf.

I cannot agree with defendants' contention with respect to paragraphs 6, 7, and 17. All of the matters therein alleged pertain to the negotiations prior to the formation of the contract which is the basis of plaintiffs' action. The results of those negotiations were subsequently incorporated into the oral contract, which is alleged in paragraph 8; and I cannot perceive why plaintiffs' failure to delineate these preliminary negotiation with greater particularity should render defendants unable to prepare their answer properly.

■ I do think, however, that defendants are entitled to a more definite statement with respect to paragraph 8 of the complaint before preparing their answer. Since the contract alleged in paragraph 8 forms the basis of plaintiffs' action, I think it is incumbent upon plaintiffs to identify that contract with completeness and accuracy.

Defendants' motion for a more definite statement is granted with respect to paragraph 8 of the complaint, and must be denied in all other respects.

■ I pass now to a consideration of plaintiffs' motion to strike defendants' motion for a more definite statement and for a bill of particulars. Plaintiffs' motion is based on the fact that defendants' motion was not presented within twenty days after service of the complaint, which was served on March 19, 1946. Counsel for defendants have shown, by affidavit, that they entered into three separate extension agreements with counsel for plaintiffs. The latest agreement, entered into on April 29, 1946, extended the time for filing an answer to the complaint for an "indefinite" period of time. Defendants actually filed their motion for a more definite statement and for a bill of particulars on May 7, 1946.

Plaintiffs contend that the agreement providing for an extension of time for filing an answer should be interpreted to mean that defendants were restricted to filing an answer on the merits within the time as extended. However, it does not appear that there was any restriction in the extension agreement which would by its terms preclude defendants from taking any other action prior to filing their answer, which they would otherwise be permitted to take under the rules. In the absence of any such restriction, I think that the effect of the present extension agreement was to extend the time not only for filing an answer, but also for taking any action which by the rules is permitted to be taken prior to answering. Blanton v. Pacific Mut. Life Ins. Co., D.C., 4 F.R.D. 200; appeal dismissed 4 Cir., 146 F.2d 725. I recognize that, in the Blanton case, the time for filing an answer had been extended by the Court; however, I do not think that that distinction is controlling; and I feel that the Court's reasoning, as expressed in the Blanton case, is equally applicable to the instant case.

I therefore conclude that plaintiffs' motion to strike defendants' motion for a more definite statement and for a bill of particulars must be denied.

■ The third and last motion under consideration is defendants' motion for an order extending the time for filing an answer to the complaint. In view of the fact that I have already granted, in part, defendants' motion for a more definite statement, defendants' motion for an extension of time

for answering becomes moot; under Rule 12(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, defendants will automatically be allowed ten days after the service of the more definite statement or bill of particulars within which to file their answer.