REFRIGERATION DISCOUNT CORPORATION (a corporation), Plaintiff,

v.

Albert M. FREIBERG and Betty Freiberg, Defendants.

Civ. A. No. 19193.

United States District Court
E. D. Pennsylvania.

Nov. 18, 1955.

Newman & Master, Philadelphia, Pa., for plaintiff.

Wilbur Greenberg, Philadelphia, Pa., for defendants.

CLARY, District Judge.

The motion presently before the Court for disposition is entitled "Motion to Dismiss". However, the content of the motion indicates that it was intended as and counsel for the defendants has asked the Court to consider it as a "Motion for More Definite Statement" under Rule 12 (e) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The first reason advanced in the motion would not, in any event, warrant a dismissal of the action. However, the second reason assigned that the complaint fails to set forth with sufficient definiteness and particularity a claim to which the defendants can properly formulate a responsive pleading is well taken. The complaint indicates that this action in which plaintiff claims $105,695.-89 is based upon undertakings of the defendants to indemnify plaintiff against loss in connection with the assignments by the defendants to the plaintiff of installment lease contracts covering installment sales by the defendants of electrical appliances to numerous retail purchasers. The complaint avers that there are involved in this suit between 600 and 700 such individual transactions. The specimen contracts attached to the complaint show that the monthly installment payments by the purchasers of the appliances under the installment agreements were to be made directly to the plaintiff and not to or through the defendants. The information as to which of the contracts are in default and the amounts of default appear to be in the present state of the record peculiarly within the knowledge of the plaintiff and not of the defendants. The defendants, therefore, are entitled to be informed as to which of the contracts are in default and the time and amount of defaults. before they should be required to frame a responsive pleading. Philadelphia Retail Jewelers Ass'n v. L. & C. Mayers Co., Inc., D.C., 1 F.R.D. 606.

### Order

Accordingly, it is ordered, adjudged and decreed that defendants' "Motion to Dismiss", considered as a "Motion for More Definite Statement", be and it is hereby granted, and plaintiff is directed to file a more definite complaint within 30 days from the date of this order.