SYAN HOLDING CORP.

v.

FIDELITY–PHILADELPHIA TRUST CO.

Civ. A. No. 21065.

United States District Court
E. D. Pennsylvania.

Jan. 17, 1957.

6. Franz v. Buder, 8 Cir., 11 F.2d 854; Baird v. Peoples Bank & Trust Co. of Westfield, 3 Cir., 120 F.2d 1001, 136 A.L.R. 693.

Frank F. Truscott, Philadelphia, Pa., for plaintiff.

Arthur Littleton, of Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This matter arises on defendant's motion for a more definite statement under Fed.Rules Civ.Proc. rule 12(e), 28 U.S. C.[1]

The complaint of plaintiff alleges two separate agreements. The first was an oral agreement (confirmed by letter attached to the complaint dated 7/24/50) between plaintiff and the Philadelphia Acceptance Corporation (hereinafter called "PAC") for plaintiff to buy from PAC "all the collateral of the Sherwood Distilling Company of Westminster, Maryland, evidenced by United States Internal Warehouse Certificates, totalling some 19,000 barrels of whiskey, together with 980 shares of the stock of the Sherwood Distilling Company, for the sum of $1,000,000.00 * * * subject to inspection and verification of the whiskey," with a provision that such certificates be forwarded by defendant's messenger with a draft drawn on the plaintiff for one million dollars to plaintiff's bank allowing plaintiff the privilege of redrafting within five days (Par. 4 of complaint).

The second agreement was between plaintiff, PAC, and the defendant, Fidelity-Philadelphia Trust Co., in which the defendant agreed to act as intermediary and agent for the other two parties to the agreement and to forward the certificates and the draft to plaintiff's bank (Par. 5 of complaint).

Plaintiff avers that although on July 24, 1950, the draft and certificates were forwarded, on or about July 25, 1950, defendant recalled the certificates and the draft before plaintiff had the opportunity to "fully inspect" the certificates and to "verify" the whiskey evidenced by them, thereby breaching the second agreement and maliciously interfering

---

1. In view of the fourth paragraph of the letter from counsel for defendant dated 1/4/57, any ruling on the motion to dismiss will be reserved until the more definite complaint has been filed. See opinion of Judge Kraft dated 1/6/56 in Cook v. Kuljian Corporation, D.C., 137 F.Supp. 833; 2 Moore's Federal Practice (2nd Ed.) § 12.18(4), p. 2307. Defendant's attention is called to the fact that on a motion to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted, the court may only consider relevant material contained in affidavits, depositions or admissions. See F.R.Civ.P. 12(b) and 56 (c). In view of the narrow scope given to motions for summary judgment in this Circuit, cf. Levy v. Equitable Life Assurance Society of U. S., D.C.E.D.Pa.1955, 18 F.R.D. 164 and cases there cited, defendant should assemble in an affidavit executed in compliance with F.R.Civ.P. 56(e) any material of the type mentioned on pages 1 and 4 of its brief in support of its motion to dismiss if it wishes the court to consider this material after the amended complaint is filed.

with the first agreement, which damaged plaintiff in the amount of $1,400,000.

The determining test in the consideration of a motion for a more definite statement is whether the pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." See Rule 12(e) and Faske v. Radbill, D.C.E.D.Pa.1946, 7 F.R.D. 234.

Though it is true that Section 8(a) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," it is impossible to ascertain precisely the rights of the parties involved and whether they are entitled to immediate relief by dismissal or otherwise without a more adequate statement of the terms of the second agreement.

Therefore, defendant's motion for a more definite statement is granted with respect to the terms of the second agreement. See Faske v. Radbill, supra, and Philadelphia Retail Jewelers Ass'n v. L. & C. Mayers Co., D.C.E.D.Pa.1941, 1 F.R.D. 606.[2]

Defendant is entitled to know the identity of the officer or officers or employee or employees of defendant who are alleged to have acted on its behalf in entering into the second agreement. See Goshen Veneer Co. v. G. & A. Aircraft, D.C.E.D.Pa.1944, 3 F.R.D. 344.

Although plaintiff has indicated on argument before the court that this agreement was oral, defendant is entitled to have such fact alleged in the complaint. See Goshen Veneer Co. v. G. & A. Aircraft, supra, at page 345.

It would appear from the terms alleged in the existing complaint that the occurrence of acceptance, or future acceptance, by plaintiff of the invoices forwarded with the draft is a condition precedent to plaintiff's recovery,[3] which must be alleged in accordance with F.R. Civ.P. 9(c).

Since the basis of the complaint is to be amplified as a result of this ruling, the court cannot rule definitely at this time whether or not a condition precedent is involved.[4] However, since the motion to dismiss will be considered on the basis of the amended complaint, any failure by plaintiff to comply with F.R. Civ.P. 9(c) will be at his risk.

### Order

And now, January 17, 1957, it is ordered that plaintiff shall amend its complaint within thirty days from this date to make it more definite in accordance with the foregoing opinion.

---

2. See, also, Cook v. Kuljian Corporation, supra, and opinion of Judge Clary dated 11/18/56 in Refrigeration Discount Corp. v. Freiberg, D.C., 20 F.R.D. 178.

3. The condition precedent to recovery under the agreement alleged in paragraph

5 appears to be acceptance of the certificates, thereby consummating the agreement alleged in paragraph 4.

4. Cf. Sections 250, 280, 281 and 306 of the Restatement of Contracts.