**ANGEL CREEK LOGGING CO., Inc., a corporation, Lloyd Roberts and G. T. Haupert, Plaintiffs,**

**v.**

**ATLAS PLYWOOD CORPORATION, a corporation, Defendant.**

**Civ. No. 7613.**

United States District Court
N. D. California, N. D.

Dec. 15, 1957.

John A. Spann and Halpin & Halpin, Redding, Cal., for plaintiffs.

Richard E. Guggenhime, Eugene S. Clifford and Heller, Ehrman, White & McAuliffe, San Francisco, Cal., for defendant.

HALBERT, District Judge.

Plaintiffs have instituted this action against defendants to recover damages for an alleged breach of contract. Jurisdiction is based upon diversity of citizenship, plaintiffs being citizens and residents of the State of Oregon, and defendant being a corporation incorporated under the laws of the Commonwealth of Massachusetts. The requisite jurisdictional amount is plead. One "Count" of the complaint is based upon an alleged oral agreement for the sale of logs, and another "Count" is based upon an alleged oral agreement to execute a written contract for the sale of said logs. Defendant is the alleged vendee under these alleged oral contracts, and plaintiffs, the alleged vendors.

Defendant has filed a motion to dismiss the complaint, and an alternative motion for more definite statement.

## I.

### The Motion to Dismiss

It is basic in Federal procedure that the motion to dismiss will not lie "unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim" (2 Moore, Federal Practice, § 12.08). The defendant's objection in the instant case is that plaintiffs have plead the existence of an oral contract which is alleged to have been entered into on December 1, 1956, but which has an expiration date of December 31, 1957, which, defendant contends, puts the alleged contract within the prohibition of the statute of frauds (§ 1624, subd. 1, Civil Code of the State of California). However, the rule in California in this connection is that if the contract could possibly be performed within the period of a year from the date of its formation, then it is not rendered unenforceable by the statute of frauds (See: J. C. Millet Co. v. Park & Tilford Distillers Corp., D.C., 123 F.Supp. 484, 494, and cases collected in footnote 23).

Since the contract alleged is one for the sale of logs, it is, indeed, highly probable that it could and would have been performed during the logging season which takes place prior to December 1 of any given year, as a general, and in fact almost positive, rule. Hence, it is possible that the alleged oral contract could have been performed within the period of a year from the date of its formation. For this reason the granting

of a motion to dismiss the complaint would not be proper in this case.

## II.

### Motion for More Definite Statement

■■ Another basic pleading rule in the Federal practice is that a motion for more definite statement is not proper where the complaint contains sufficient facts to enable the answering party to prepare a responsive pleading (Kuenzell v. United States, D.C., 20 F.R.D. 96, 98). Nor may the motion be used to elicit facts which would more properly be the subject of the deposition and discovery procedure (Kuenzell v. United States, supra).

■■ By its motion, defendant seeks to elicit from plaintiffs the names of the officers and agents of the defendant corporation who are alleged to have made the agreements and assurances set forth in paragraphs II, VIII and IX of the plaintiffs' complaint.

While this Court is mindful of the fact that a different rule might be applied in the Eastern District of Pennsylvania (See: Goshen Veneer Co. v. G. & A. Aircraft, D.C., 3 F.R.D. 344, 345; Faske v. Radbill, D.C., 7 F.R.D. 234, 236; and Syan Holding Corp. v. Fidelity-Philadelphia Trust Co., D.C., 20 F.R.D. 154, 156), the Court is also aware of the fact that the attitudes of District Judges in various parts of the United States may be, and to a large degree have been, shaped by experiences rooted in the local state practice. Try as we might to envision a uniform Federal adjective law, practical experience reminds us that such visions are not present realities. It is the view of this Court that, in the ordinary case, pleadings are not the place to discover such facts as the names of specific officers and agents of parties. The ascertainment of these facts is more properly within the scope of the deposition and discovery procedures set forth in the Federal Rules.

■ Defendant also seeks a more detailed account of the items and types of equipment referred to in paragraph III of the complaint, the purchase date of said equipment, and the name of the lessor in the lease mentioned in said paragraph. While paragraph III leaves something to be desired from the standpoint of completeness, it nevertheless sufficiently discloses the source of these expenditures allegedly made in reliance on the existence of the contract, the recovery of which is sought by the action. In view of what has heretofore been said, it is clear that the itemization sought by defendant in this regard might more properly be obtained from the use of the deposition and discovery procedure.

It is, therefore, ordered that the defendant's motion to dismiss the complaint be, and the same is, hereby denied;

And it is further ordered that the defendant's motion for more definite statement be, and the same is, hereby denied.