**U.S. EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION, Plaintiff,**

v.

**WILLIAMS ELECTRONICS GAMES,
INC., Defendant.**

No. 94 C 5384.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 5, 1996.

Jean Powers Kamp, Mary B. Manzo, John C. Hendrickson, United States Equal Employment Opportunity Commission, Chicago, IL, for plaintiff.

Mark L. Shapiro, Rosenthal & Schanfield, P.C., Chicago, IL, Sally J. McDonald, Rudnick & Wolfe, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

This matter is before us on defendant's motion, which it styles a motion for partial summary judgment. We find that the motion is more accurately denominated a motion

to exclude expert evidence, and so treat it. The plaintiff EEOC brings this action under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213 ("ADA") on behalf of an applicant for employment rejected by the defendant on the basis that his alleged disability made him unable to perform the essential functions of the position. The defendant requests a ruling that expert evidence proposed by the plaintiff as to the applicant's actual condition is irrelevant to the issues in this case and must be excluded. For the reasons set forth below, we deny defendant's motion.

### Background

The defendant Williams Electronics Games, Inc. ("Williams") is in the business of manufacturing pinball games and other coin-operated amusement devices. On April 28, 1993, Arnold Leaman, upon referral from an employment agency, interviewed for a position in the Pinball Mechanical Engineering Department of Williams (the "Department"). He was interviewed by Joseph Joos, Jr., then manager of the Department. On the basis of representations Leaman made to Joos regarding his qualifications, Joos extended Leaman an offer of employment on the condition that he pass a pre-employment physical examination and drug and alcohol tests, pursuant to company policy.

Leaman was examined later that same day by Dr. Carlos Sanchez, M.D., an occupational health care specialist at Rush Occupational Health Services. At the end of the examination, Dr. Sanchez completed a form stating that Leaman had a history of two herniated disks, was taking medication for pain, and that Leaman should not bend or lift more than ten pounds. Later that same day, Virginia Vasquez, assistant personnel manager at Williams, reviewed the medical form that Dr. Sanchez completed relating to Leaman, then telephoned Joos to tell him that Leaman had a back problem and was restricted to lifting no more than ten pounds. Joos immediately notified the employment agency that referred Leaman that he would not be hired. Vasquez also told Robert Sedeita, Williams' Personnel Manager, that Leaman did not pass the physical examination because of his back.

The next day, upon learning from the employment agency that Williams would not hire him, Leaman phoned Joos and tried to convince him that he could do the job. He said that Dr. Sanchez was wrong to conclude that he could lift only 10 pounds, that he had been released from physical therapy, and that he was able to lift 35 to 40 pounds. Joos responded that "the company goes strictly by what the doctor says." Leaman then phoned Sedeita and told him that he had performed the same work for a competitor of Williams and had no problems performing that work. He offered to submit his own doctor's evaluation, but Sedeita rejected the offer.

### Discussion

█ At the outset, we note that defendant's motion is styled as a motion for partial summary judgment. A summary judgment is a device whereby a court may render judgment on a "claim, counterclaim, or cross-claim," Fed.R.Civ.P. 56(b), where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Here, the defendant does not seek judgment on any claim asserted against it. Instead, it is seeking our ruling on the admissibility, on the basis of relevance, of certain expert testimony proffered by the plaintiff. We will therefore treat defendant's motion as a motion to exclude expert testimony. *See Blanton v. Pacific Mut. Life Ins. Co.*, 4 F.R.D. 200 (1944) ("The name attached to a motion need not be determinative of its purpose or the disposition to be made of it."); 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1196.

The EEOC contends that Leaman did not have an impairment at the time he interviewed with Williams, but rather that the defendant intentionally failed to hire him as a design engineer because of a perceived impairment and because of a history of impairment.[1] In establishing its case, the EEOC

---

**1.** The ADA defines "disability" as an "impairment that substantially limits one or more of the

wishes to present expert testimony of several physicians that Dr. Sanchez's examination was inadequate, that his conclusions as to Leaman's physical capabilities were wrong, and that Leaman in fact was capable of performing the functions of the job for which he applied.

■ Defendant has not asserted the inadmissibility of plaintiff's expert testimony on any grounds other than its irrelevance. Our consideration today will only be as to the relevance of this type of evidence to the plaintiff's claims and will not foreclose later rulings on the admissibility of any particular evidence offered on any grounds including relevance.

The ADA provides:

No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). A plaintiff may prove discrimination by either direct or circumstantial evidence. *DeLuca v. Winer Indus., Inc.*, 53 F.3d 793, 797 (7th Cir.1995). The plaintiff may prove discrimination indirectly by using the *prima facie* case and burden-shifting method originally established for Title VII cases in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and refined in *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). *DeLuca, supra* at 797.

■ The *prima facie* case requires a plaintiff to prove that (1) he is a member of a protected class; (2) he was eligible and qualified for the position for which he applied; (3) he was not hired for that position; and (4) the position remained open to persons similarly qualified. *See Loyd v. Phillips Bros., Inc.*, 25 F.3d 518, 522–23 (7th Cir.1994).

Once a plaintiff establishes all four elements, the burden shifts to the defendant to "articulate some legitimate, non-discriminatory, reason" for not hiring the plaintiff. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824. If the defendant fails to carry its burden, it loses. *Burdine*, 450 U.S. at 254, 101 S.Ct. at 1094. If the defendant does carry its burden, the plaintiff must then prove that the employer's stated reason is merely a pretext for discriminatory action. *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. at 1825. *See also Villa v. City of Chicago*, 924 F.2d 629, 631 (7th Cir.1991). At all times, of course, the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains with the plaintiff. *Burdine*, 450 U.S. at 253, 101 S.Ct. at 1093.

The parties disagree as to what remains for the plaintiff to prove in order to prevail. The defendant asserts that the EEOC has no direct evidence of discrimination, and so must proceed using the *McDonnell Douglas* burden-shifting indirect method of proof. It then assumes, for purposes of this motion, that the EEOC could make out a *prima facie* case. Asserting that Williams has articulated a non-discriminatory reason for not hiring Leaman, the defendant contends that the burden is now on the EEOC to prove pretext. It then asserts that, at this stage of the analysis, the only relevant question is whether Williams intended to discriminate against Leaman, not whether it made a good faith error in its assessment of his capabilities, or made a mistaken business decision. *See Schultz v. General Electric Capital Corp.*, 37 F.3d 329, 334 (7th Cir.1994); *Kralman v. Illinois Dep't of Veterans Affairs*, 23 F.3d 150, 156 (7th Cir.1994); *McCoy v. WGN Continental Broadcasting Co.*, 957 F.2d 368, 373 (7th Cir.1992). The defendant then argues that, since the expert evidence proffered by the EEOC is not relevant to the issue of intent, it should be excluded.

■ The EEOC, on the other hand, asserts that this is a direct evidence case, and therefore the burden is on the defendant to

---

major life activities," "a record of such an impairment," or "being regarded as having such an

impairment." 42 U.S.C. § 12102(2)(a).

show that Leaman could not have performed the essential functions of the job. At the direct evidence stage of the inquiry, once the plaintiff has shown that an employer denied employment to an applicant because of his physical condition, the defendant has the burden of showing that the criteria used to exclude the applicant were job-related and that the applicant could not safely and efficiently perform the essentials of the job. *See,* 42 U.S.C. § 12112(b)(6); *Treadwell v. Alexander,* 707 F.2d 473 (11th Cir.1983).[2] Thus, says the plaintiff, its evidence as to Leaman's actual capabilities are relevant at this stage.

 To the extent that defendant's motion is akin to one for summary judgment, it seems to argue that the plaintiff has failed to carry its burden of establishing its direct evidence case. Our task, then, is to examine the evidence that has been submitted to determine whether there is sufficient evidence to sustain plaintiff's direct evidence case. We need not look far. Plaintiff submits evidence in the form of deposition testimony to the effect that Joos stated to Leaman that he could not take responsibility for hiring him with his disability (Leaman Dep. at 238), or for the possibility that Leaman might hurt his back (EEOC interview of Joos), and that he would have hired Leaman were it not a matter of "endangering his back more." *Id.* A jury could find, on the basis of these statements, that Williams did not hire Leaman as a direct consequence of his disability or perceived disability. We find, therefore, that there is sufficient evidence to support plaintiff's direct case of discrimination. Since the defendant now has the burden of showing that Leaman could not safely and efficiently perform the functions of his job, expert evidence of Leaman's condition and capabilities offered by the plaintiff is therefore relevant to its case at this point.

 Even if the plaintiff were not able to make out a direct evidence case, it has the opportunity to make out a *prima facie* case under the *McDonnell Douglas* framework. One of the elements of the *prima facie* case is proof that the applicant is capable of performing the functions of the job. Thus, evidence of his capabilities is relevant at this stage. Though the defendant has stated that, for the purposes of this motion, it assumes that plaintiff could make out a *prima facie* case, it also stated, in its reply brief, that once plaintiff's experts are found not to be relevant, it intends to move for summary judgment on the issues of whether Leaman was "disabled" within the meaning of the ADA and whether lifting was an essential function of the job within the meaning of the ADA, among other issues—that is, it apparently intends to show that plaintiff's *prima facie* case cannot survive a motion for summary judgment. Defendant will not be heard to say, as it seems to, that certain evidence is irrelevant because it grants the question—the *prima facie* case—to which it pertains, and then once that evidence is excluded, proceed to argue that the very same question is unsupported by any admissible evidence.

### Conclusion

For the reasons set forth above, defendant's motion for partial summary judgment, treated more accurately as a motion to exclude certain expert evidence, is denied.

**2.** *Treadwell* was brought under the Rehabilitation Act, 29 U.S.C. §§ 701–796i. "To a great extent," however, "the employment provisions of the [ADA] merely generalize to the economy as a whole the duties ... that ... the Rehabilitation Act imposed on federal agencies and federal contractors." We can therefore look to the decisions interpreting the Rehabilitation Act and its regulations for help in interpreting the ADA. *Vande Zande v. State of Wisconsin Dep't of Admin.,* 44 F.3d 538 (7th Cir.1995).